Alton Roy DAUGHTRY,
Plaintiff-Appellant,

v.

KING'S DEPARTMENT STORES, INC.,
Defendant-Appellee.

No. 79–1062.

United States Court of Appeals,
First Circuit.

Argued Sept. 14, 1979.

Decided Nov. 8, 1979.

Alton Roy Daughtry, pro se.

William T. Sherry, Jr., Boston, Mass., with whom David E. Watson and Nutter, McClennen & Fish, Boston, Mass, were on brief, for defendant-appellee.

Before KUNZIG,* Judge, U.S. Court of Claims, BOWNES, Circuit Judge, DOOLING,** Senior District Judge.

PER CURIAM.

This case presents two issues related to alleged violations of plaintiff's civil rights. The first issue is whether the District Court correctly held appellant's suit not timely under Title VII, 42 U.S.C. § 2000e–5(e) (1976), given plaintiff's filing with the Equal Employment Opportunity Commission (EEOC) within 30 days after the adverse termination of state agency proceedings but over six years from the date of the alleged wrong. The second issue is whether any claims plaintiff may have under 42 U.S.C. § 1981 (1976) are barred by the applicable statute of limitations. We agree with the District Court's determinations that the action was not timely under Title VII and any claim under § 1981 was barred by the applicable statute of limitations.

Plaintiff, Daughtry, was laid off by defendant, King's Department Store, on December 26, 1970. Feeling his dismissal was caused by racial prejudice, Daughtry filed a claim with the Massachusetts Commission Against Discrimination (MCAD) in January of 1971. More than six years after plaintiff filed his claim, MCAD rendered its decision. MCAD found no cause to believe Daughtry had been discriminated against by King's.

Thereafter, within 30 days of the state agency's decision, Daughtry filed his same complaint with EEOC. On August 18, 1977, the EEOC issued plaintiff a right-to-sue letter.

Plaintiff then filed his complaint in this case on November 11, 1977 in the Federal District Court for the District of Massachusetts. Defendant filed a motion to dismiss the Title VII action as untimely and because any claim under § 1981 is barred by the relevant statute of limitations. The District Court agreed with defendant on both grounds and dismissed the suit. Plaintiff, *pro se*, timely appealed that decision to this Court.

The first issue revolves around an interpretation of 42 U.S.C. § 2000e–5(e) (1976). As plaintiff himself admits in a succinct and well-written brief, that section governs procedurally the resolution of Title VII employment discrimination claims. Plaintiff also concedes that § 2000e–5(e) presently provides that a charge must be filed with the EEOC either (1) within 180 days of the alleged unlawful employment practice; *or* (2) within 300 days of the unlawful practice if plaintiff instituted proceedings with a state agency; *or* (3) within 30 days after receiving notice that the state agency has terminated the proceedings, *whichever is earlier.*[1]

Plaintiff argues that the six years MCAD took to resolve his complaint should toll the running of the time periods laid out in § 2000e–5(e). As the magistrate who heard this case commented, "The failure of MCAD to resolve [plaintiff's complaint] in less than six years is perplexing; the failure of MCAD to inform plaintiff of his

---

* Sitting by designation.

** Of the Eastern District of New York, sitting by designation.

1. Appellant discussed his claim entirely in terms of § 2000e–5(e) as amended in 1972. 42 U.S.C. § 2000e–5(e) (1976) as amended by Pub. L. 92–261 § 4(a), 86 Stat. 105. Consequently, we will discuss his claim in this opinion in terms of the 180– and 300–day limitations now specified. *Id.* Nevertheless, we must note that technically, since plaintiff's claim arose prior to the 1972 amendments, Pub. L. 92–261, § 4(a), 86 Stat. 105, the earlier statutory time periods should apply. See *United Air Lines v. Evans*, 431 U.S. 553, 554–55, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977). When plaintiff filed his claim with MCAD in 1971, he had 90 days in which to file an original claim with EEOC, or 210 days from the time of filing with a state commission. Civil Rights Act of 1964, Pub. L. 88–352, § 706(d), 78 Stat. 260. Thus, plaintiff's failure to file within the 300–day period which we use for analysis is even more remiss since the appropriate period was 90 days shorter.

rights with respect to the EEOC is inexcusable." Nevertheless, while the application of the § 2000e–5(e) time limits may seem unduly harsh to plaintiff, the statute is explicit in giving him 300 days within which to file with the EEOC if he originally filed with a state agency.

The language "or within 30 days after receiving notice that the state . . . agency has terminated the proceedings . . . ." only operates to cut short the 300–day period—it cannot lengthen it. See *International Union of Electrical Workers v. Robbins & Myers, Inc.*, 429 U.S. 229, 236–40, 97 S.Ct. 441, 50 L.Ed.2d 427 (1976); *Everson v. McLouth Steel Corporation*, 586 F.2d 6 (6th Cir. 1978). Thus, if toward the end of the 300–day period plaintiff's claim was still unresolved by MCAD, he should have filed with the EEOC. The language of Congress is clear and specific.

Since timely filing with the EEOC under § 2000e–5(e) is a procedural prerequisite to the District Court's entertaining the case, plaintiff's failure to comply precluded relief under that statutory scheme in the District Court. See, *e. g., United Air Lines, Inc. v. Evans*, 431 U.S. 553, 555, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977); *Olson v. Rembrandt Printing Co.*, 511 F.2d 1228, 1231 (8th Cir. 1975). Our decision is also supported by the EEOC's indicating that it considered plaintiff's charge untimely.

■ Although the parties did not raise the issue, we would note that a line of cases has arisen which allows for an "equitable tolling" of the § 2000e–5(e) time limitations. Those cases, however, deal with misleading action on the part of the employer or federal agency which resulted in the claimant's late filing.[2]

On the other hand, the Supreme Court and the Seventh Circuit have referred to the § 2000e–5(e) requirements as "jurisdictional prerequisites."[3] The Supreme Court, however, has also referred to the time periods as merely "limitations." *Int'l Union of Electrical Workers v. Robbins & Myers, Inc.*, 429 U.S. 229, 97 S.Ct. 441, 50 L.Ed.2d 427 (1976).[4]

2. *Leake v. University of Cincinnati*, 605 F.2d 255 (6th Cir. 1979) (University's assurance that it would not use time it requested to research professor's employment discrimination claim to assert § 2000e–5(e) time bar against claimant held to toll statutory period); *Hart v. J. T. Baker Chemical Corp.*, 598 F.2d 829 (3rd Cir. 1979) (§ 2000e–5(e) time limits are not jurisdictional but subject to equitable tolling as akin to a statute of limitations. Nonetheless, claimant not entitled to tolling); *Keyse v. California Texas Oil Corp.*, 590 F.2d 45 (2nd Cir. 1978) (Equitable tolling did not apply where claimant had counsel); *Dartt v. Shell Oil Co.*, 539 F.2d 1256 (10th Cir. 1976), aff'd by an equally divided court, 434 U.S. 99, 98 S.Ct. 600, 54 L.Ed.2d 270 (1977) (Company's failure to provide Dep't of Labor Wage and Hour Division contributed to running of time limits without claimant's knowledge); *Reeb v. Economic Opportunity Atlanta, Inc.*, 516 F.2d 924 (5th Cir. 1975) (Applying traditional statute of limitations rules as to when period begins to run).

In *Chappell v. Emco Machine Works Company*, 601 F.2d 1295 (5th Cir. 1979), the Fifth Circuit, whose *Reeb* case provides the foundation for an equitable tolling principle, stated that tolling was thus far limited to three situations:

"First, the Supreme Court has upheld the tolling of the time period during the pendency of an action before a state court which had jurisdiction over the subject matter of the suit, but which was the wrong forum under state law, reasoning that the policy of repose inherent in the timely filing requirement was satisfied since the initial state court action was filed against the same parties served in the federal suit and alleged an identical cause of action. . . . Second, this court has upheld deferring the commencement of the running of the 180–day period until the claimant knew or should have known the facts which would give rise to his Title VII claim. . . . Third, this court has indicated that equitable modification is appropriate when the EEOC misleads a complainant about the nature of his rights under Title VII." *Chappell, supra.*

3. *United Air Lines v. Evans*, 431 U.S. 553, 555 at n.4, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977); *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974); *McDonald v. United Air Lines*, 587 F.2d 357, 361 (7th Cir. 1978); *In re Consolidated Pretrial Proceedings in the Airline Cases*, 582 F.2d 1142, 1151 (7th Cir. 1978).

4. The Court also noted in *Robbins & Myers, id.*, however,

"In defining Title VII's jurisdictional prerequisites 'with precision', [cites], Congress did not leave to the courts the decision as to which delays might or might not be 'slight.' " *Id.* at 240, 97 S.Ct. at 449.

Plaintiff's only equitable sounding argument is based on MCAD's six-year delay. There is no evidence, however, that MCAD, EEOC or King's in any way caused plaintiff to not file within the 300–day period. Moreover, Congress has already provided an exception for state agency delay in the § 2000e–5(e) time limits. Congress specifically provides an extra 120 days within which to file with EEOC if a claimant first resorts to a state agency. 42 U.S.C. § 2000e–5(e) (1976).[5] Since we are not faced with a situation which argues for an equitable tolling, we leave this entire statute of limitations and jurisdictional requirements issue open for another day. Accord, *Smith v. American President Lines*, 571 F.2d 102, 108–11 (2nd Cir. 1978); *Gabriele v. Chrysler Corp.*, 573 F.2d 949, 954 at n.15 (6th Cir. 1978). See also, *Hadfield v. Mitre Corp.*, 562 F.2d 84, 88 (1st Cir. 1977).

▆▆ Plaintiff also argues that the time period under § 2000e–5(e) is tolled if his alleged improper termination constitutes a continuing violation. See *Gautam v. First National City Bank*, 425 F.Supp. 579 (D.C. N.Y.1976), *cert. denied*, 440 U.S. 919, 99 S.Ct. 1241, 59 L.Ed.2d 470 (1979). Plaintiff argues that since he was laid off rather than fired, the possibility of defendant's rehiring him continues to exist. Thus, defendant's failure to rehire him for that position, he argues, constitutes a continuing violation.

We note initially that Daughtry's argument is improper since he raises the possibility of rehire for the first time here on appeal. *Gibson v. Kroger Co.*, 506 F.2d 647, 653 (7th Cir. 1974), *cert. denied*, 421 U.S. 914, 95 S.Ct. 1571, 43 L.Ed.2d 779 (1975). Moreover, the argument is totally without merit.

Defendant's termination of employment is a completed, one-time violation. *Krzyzewski v. Metropolitan Government of Nashville & Davidson County*, 584 F.2d 802, 806 (6th Cir. 1978); *Prophet v. Armco Steel, Inc.*, 575 F.2d 579, 580 (5th Cir. 1978); *Terry v. Bridgeport Brass Co.*, 519 F.2d 806, 808 (7th Cir. 1975).[6] The Supreme Court's recent decision in *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977), is particularly instructive. In *Evans*, plaintiff was a stewardess fired under company rules in 1968 because she married. She was rehired in 1972 after United's practice was held to violate Title VII, but denied seniority. She alleged that the denial of seniority constituted a continuing violation which would make her belated complaint timely. The Court rejected her contention stating:

> A discriminatory act which is not made the basis for a timely charge is the legal equivalent of a discriminatory act which occurred before the statute was passed.
>
> . . .
>
> Respondent emphasizes the fact that she has alleged a continuing violation. United's seniority system does indeed have a continuing impact on her pay and fringe benefits. But the emphasis should not be placed on mere continuity; the critical question is whether any present *violation* exists. (emphasis added).

5. The Fifth Circuit recently decided that a claimant's delay in filing caused by a state commission's failure to file with the EEOC would not toll the time limits in § 2000e–5(e). *Chappell v. Emco Machine Works Co.*, 601 F.2d 1295 (5th Cir. 1979). The claimant's case in *Chappell* was even stronger than Daughtry's. In *Chappell*, the state commission's employee promised that he would file with the EEOC and represented to plaintiff that he had filed her complaint after her diligent and repeated checking over a six-month period. The court declined "to extend the tolling principle from the EEOC misrepresentation cases to embrace the [fact] situation here. [The state] employee was not an employee of the EEOC, and [the

complainant] could easily have discovered whether her complaint was filed merely by writing or phoning the EEOC office." *Id.*

6. We should also note an inconsistency in plaintiff's own argument. In this brief, he argued that he was laid off which he argued suggests a dormant job waiting to be filled. Consequently, he argued that King's failure to rehire him was a continuing violation. At oral argument, however, plaintiff said that he had been *replaced* rather than *laid off*. King's replacing plaintiff is synonymous with King's firing him, which is a one-time effect rather than a continuing violation. *Terry v. Bridgeport Brass Co., supra.*

*Id.* at 558, 97 S.Ct. at 1889. As with Evans' claim, Daughtry's was a one-time violation which had a continuing effect on plaintiff's life, but is not a continuing violation of Title VII. Furthermore, just as plaintiff raises the idea of a continuing violation for the first time here on appeal, we note that plaintiff took no exception below to the court's specific finding that he was *not* alleging a continuing violation. Thus, as mentioned *supra,* plaintiff's failure to file within 300 days of the alleged violation bars his "non-continuing" claim under Title VII.

We now turn to the second issue in this case as to whether any claim plaintiff might have under 42 U.S.C. § 1981 (1976) is barred by the applicable statute of limitations.

While plaintiff's *pro se* complaint was unclear, conceivably, it could be read to state a claim under § 1981. Consequently, defendant also moved to dismiss plaintiff's complaint as barred by the applicable statute of limitations. The District Court so held and we affirm.

Since § 1981 does not contain an express statute of limitations, courts must look to state law to determine the applicable period. The lower courts in this circuit have applied both two and six year statute of limitations. *Compare Currington v. Polaroid Corporation,* 457 F.Supp. 922 (D.Mass.1978) with *Sims v. Order of United Commercial Travelers,* 343 F.Supp. 112 (D.Mass.1972). Since plaintiff filed his claim more than six years after the alleged wrongdoing, it is barred under both statutes. Any decision by us as to which Massachusetts statute should be incorporated into § 1981 would be premature and mere dicta.

In summary, the decision of the District Court is affirmed. Failure to comply with 42 U.S.C. § 2000e–5(e) foreclosed the possibility of relief under Title VII in these circumstances, and any claim under 42 U.S.C. § 1981 was barred by the applicable statute of limitations.

Accordingly, we hold upon careful consideration of the pertinent law, all briefs and submissions and after oral argument that the judgment of the District Court dismissing the complaint is AFFIRMED.