DAVID T. MELLEY *vs.* THE GILLETTE CORPORATION.

Middlesex.  December 12, 1984. — March 21, 1985.

Present: DREBEN, KAPLAN, & SMITH, JJ.

*Anti-Discrimination Law*, Termination of employment, Age. *Employment*, Discrimination. *Public Policy*.

An employee claiming wrongful termination of employment on grounds of age discrimination has no cause of action against his employer apart from the procedures provided by G. L. c. 151B. [512-514]

CIVIL ACTION commenced in the Superior Court Department on August 12, 1983.

A motion to dismiss was heard by *John Paul Sullivan*, J.

*Damon R. Scarano* for the plaintiff.

*Joseph F. Ryan* for the defendant.

DREBEN, J. The question presented by this appeal is whether the plaintiff may bring an action against his employer for wrongful termination of employment on grounds of age discrimination without following the procedures set forth in G. L. c. 151B. We hold that the plaintiff may not bypass the provisions of that statute. Accordingly, we affirm the dismissal of his action.

Melley claims that the only reason he was fired was because of his age, that there is a strong public policy against age discrimination, see G. L. c. 149, § 24A, and G. L. c. 151B, § 4, and that an employer's action which violates such a clear public policy is a breach of an implied covenant of good faith and fair dealing. See *Gram* v. *Liberty Mut. Ins. Co.*, 384 Mass. 659, 668 & n.6 (1981); *Cort* v. *Bristol-Meyers Co.*, 385 Mass. 300, 306 n.6 (1982).

The difficulty with Melley's argument is that a finding that certain conduct contravenes public policy does not, in itself, warrant the creation of a new common law remedy for wrongful dismissal by an employer. The rationale for implying a private

remedy under the "public policy exception" to the traditional rule governing at-will employment contracts is that, unless a remedy is recognized, there is no other way to vindicate such public policy. *Wehr* v. *Burroughs Corp.,* 438 F. Supp. 1052, 1055 (E.D. Pa. 1977), aff'd, with modification on other grounds, 619 F.2d 276 (3d Cir. 1980). *McCluney* v. *Jos. Schlitz Brewing Co.,* 489 F. Supp. 24, 26 (E.D. Wis. 1980). See *Crews* v. *Memorex Corp.,* 588 F. Supp. 27, 29 (D. Mass. 1984). Cf. *Gram* v. *Liberty Mut. Ins. Co.,* 384 Mass. at 668 n.6.

In Massachusetts, however, the public policy against age discrimination is already protected by a comprehensive legislative scheme, G. L. c. 151B. That plan provides for administrative remedies by the Massachusetts Commission Against Discrimination (MCAD) as well as for judicial remedies. Section 5 of c. 151B, as appearing in St. 1967, c. 483, provides that the MCAD is to investigate any claim, and, if a commissioner finds probable cause for crediting the allegations of the complaint, "he shall immediately endeavor to eliminate the unlawful practice complained of . . . by conference, conciliation and persuasion." Under G. L. c. 151B, § 9, inserted by St. 1974, c. 478, a civil action may be brought "at the expiration of ninety days after the filing of a complaint with the commission, or sooner if a commissioner assents in writing." This clear suggestion that a litigant is first to follow the administrative route accords with the usual requirement that administrative remedies are to be exhausted before resort is had to the courts. See *Banquer Realty Co.* v. *Acting Bldg. Commr. of Boston,* 389 Mass. 565, 572 (1983). This rule has been applied specifically to the MCAD. *East Chop Tennis Club* v. *Massachusetts Commn. Against Discrimination,* 364 Mass. 444, 448, 453 (1973). Cf. *Rock* v. *Massachusetts Commn. Against Discrimination,* 384 Mass. 198, 204 (1981), where deference was accorded to the agency's view as to whether the statute had been violated.

The statutory scheme also outlines the specific remedies available to a petitioner. Thus, § 9 provides that damages or injunctive relief, or both, may be sought. The case is to be

advanced for a speedy trial, and the petitioner, if successful, is to be awarded reasonable attorney's fees and costs unless particular circumstances would render such an award unjust. A special two-year statute of limitations is provided.

We think that where, as here, there is a comprehensive remedial statute, the creation of a new common law action based on the public policy expressed in that statute would interfere with that remedial scheme. Not only would the legislative preference for an administrative solution be circumvented, but serious problems would be posed as to the extent of the remedy to be provided. In awarding damages for breach of the implied covenant of good faith and fair dealing, the Supreme Judicial Court has stated that the "goal is . . . simply to deny to [the employer] any readily definable, financial windfall resulting from the denial to [the employee] of the compensation for past services." *McCone* v. *New England Tel. & Tel. Co.*, 393 Mass. 231, 234 (1984), quoting from *Gram* v. *Liberty Mut. Ins. Co.*, 391 Mass. 333, 335 (1984). This measure of recovery is, of course, much more limited than that permitted under c. 151B.

We are not unmindful that *Comey* v. *Hill*, 387 Mass. 11, 20 (1982), indicates that the Supreme Judicial Court does not view G. L. c. 151B as "tending to narrow or eliminate a person's common law rights where applicable. The statute broadens existing remedies rather than requiring resort to it as exclusive of all other remedies." The plaintiff, however, has no common law right unless we create one now. Prior to the 1974 amendment to § 9 of G. L. c. 151B, St. 1974, c. 478, an employee had no remedy for discharge on account of age. *Johnson* v. *United States Steel Corp.*, 348 Mass. 168, 170 (1964). Unlike the case at bar, in *Comey*, the wrong alleged was the common law tort of interference with an advantageous relationship. That tort is made out, and the injured party may sue, where there is a loss resulting from the defendant's intentional and improper interference with the business relationship between the injured party and a third person. *Comey*, at 19. Restatement (Second) of Torts § 766 (1977). Long before the passage of G. L. c. 151B, § 9, a plaintiff in the position of Comey would have been entitled to relief.

We also recognize that judges of the United States District Court in Massachusetts have come to differing conclusions on this issue. Compare *Crews* v. *Memorex Corp.*, 588 F. Supp. 27 (D. Mass. 1984), where Judge Tauro denied a common law action to an employee, with *McKinney* v. *National Dairy Council*, 491 F. Supp. 1108 (D. Mass. 1980). In the *McKinney* case, Judge Keeton held, in compelling circumstances, that where the Statute of Frauds prevented enforceability of a contract of employment, a discharge after nineteen years motivated by age discrimination was actionable under the implied covenant of good faith and fair dealing. Judge Keeton called the issue "a very close" one. *Id.* at 1122.

We believe that the policies of G. L. c. 151B and the recent decisions of the Supreme Judicial Court which disfavor the creation of duplicative remedies, see *Gram* v. *Liberty Mut. Ins. Co.*, 384 Mass. at 671; see also *Foley* v. *Polaroid Corp.*, 381 Mass. 545, 553 n.7 (1980), suggest that the remedy to be provided in these cases is the remedy of c. 151B. We are therefore unpersuaded by Melley's arguments that we should create a new common law right.

On appeal Melley does not urge any basis for sustaining the other counts of his complaint and we do not consider them. See Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975). See also *Foley* v. *Polaroid Corp.*, 381 Mass. at 550, which disposes of Melley's count alleging intentional infliction of emotional distress, and *Gram* v. *Liberty Mutual Ins. Co.*, 384 Mass. at 663 n.3, which disposes of the count claiming malicious interference by the defendant with its own contract with Melley.

*Judgment affirmed.*