John J. DeFAZIO, Jr., Plaintiff,

v.

DELTA AIR LINES, INC.,
et al., Defendants.

Civ. A. No. 92–13000–RCL.

United States District Court,
D. Massachusetts.

March 29, 1994.

George E. Kersey, Lynnfield, MA, for John J. DeFazio, Jr.

Wilfred J. Benoit, Jr., Goodwin, Proctor & Hoar, Boston, MA, for Delta Air Lines, Inc., W. Whitt Hawkins, Edward Kahler and Edward M. Cherof.

## MEMORANDUM OF DECISION

LINDSAY, District Judge.

The plaintiff, John J. DeFazio, Jr. ("DeFazio"), is a former employee of the defendant, Delta Air Lines, Inc. ("Delta"). He claims that Delta unlawfully terminated his employment in 1989 when it learned that DeFazio had been charged with assault with intent to murder one Kevin McGonigal.

In a four-count complaint, DeFazio sued Delta for "discrimination" under M.G.L. c. 151B (Count I), "retaliation" under 151B (Count II), and "violation of state civil rights act" under G.L. c. 93 (Count III). In the fourth count, DeFazio alleged "intentional interference with advantageous contractual relations" against individual management employees of Delta.[1]

Delta has moved for summary judgment as to Counts I, II and III. DeFazio has moved for summary judgment as to Count III of the complaint.[2] The court grants Delta's motion for summary judgment and denies DeFazio's motion. The Court dismisses Count IV because DeFazio has not served the complaint on the persons named in that count.

### A. Summary Judgment Standard

■ Summary judgment is called for when "based upon the pleadings, affidavits, and depositions, 'there is no genuine issue as to any material fact,' and where 'the moving party is entitled to judgment as a matter of law.'" *FDIC v. Anchor Properties*, 13 F.3d 27, 30 (1st Cir.1994), *quoting* Fed.R.Civ.P. 56(c) *and citing Gaskell v. Harvard Co–Op Soc'y*, 3 F.3d 495, 497 (1st Cir.1993). The moving party has the burden to establish the lack of a genuine, material factual issue. *Snow v. Harnischfeger Corp.*, 12 F.3d 1154, 1157 (1st Cir.1993), *citing Finn v. Consolidated Rail Corp.*, 782 F.2d 13, 15 (1st Cir. 1986).

■ After the moving party offers evidence of the absence of a genuine issue, the

---

1. This action was originally brought in Suffolk County (Massachusetts) Superior Court on November 30, 1992, and Delta removed the case to this Court on December 18, 1992. All of the claims in this diversity action arise under Massachusetts law.

2. At a hearing on January 27, 1994, the Court denied DeFazio's motions to amend his complaint, to join an additional party as a defendant and to remand the case to Massachusetts Superior Court.

nonmoving party bears the burden of placing at least one material fact in dispute. *Anchor Properties*, 13 F.3d at 30. The plaintiff "may not rest upon mere allegation or denials of [his or her] pleading, but must set forth specific facts showing there is a genuine issue for trial." *Snow*, 12 F.3d at 1157, *citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512. "Even in cases where elusive concepts such as motive or intent are at issue, summary judgment may be appropriate if the nonmoving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation." *Anchor Properties*, 13 F.3d at 30, *quoting Medina–Munoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir.1990). "Brash conjecture, coupled with earnest hope that something concrete will materialize, is insufficient to block summary judgment." *Anchor Properties*, 13 F.3d at 31, *quoting Dow v. United Bhd. of Carpenters*, 1 F.3d 56, 58 (1st Cir. 1993).

### B. *The Facts*

Following is a summary of the material facts.

John DeFazio is a resident of Roslindale, Massachusetts. He was hired by Delta as a customer service agent in May of 1977, and in March of 1978, he became a reservations sales agent. In the early 1980's, DeFazio began a one-year assignment at Delta's tariff desk where he became familiar with Delta's tariff and fare practices.

DeFazio claims that while he worked at the tariff desk he became aware of certain allegedly illegal tariff practices engaged in by Delta. He did not complain about any of these practices to any government agency while he was employed by Delta. While he joked and casually discussed the allegedly illegal tariff practices with coworkers and some of his supervisors, he never registered any formal complaints about them with Delta's management. DeFazio claims that conversations he had about the tariff practices with Delta supervisors during the mid 1980's caused his termination in 1989. DeFazio testified at his deposition that his belief that his discussions with supervisors led to his termination was based on "speculation" and "office gossip."

On Sunday, October 22, 1989, DeFazio struck Kevin McGonigal with his automobile, breaking one of McGonigal's legs. DeFazio immediately went to the Swampscott, Massachusetts police to report the incident.

While he maintained that he did not intend to hit McGonigal, and that his doing so was accidental, criminal charges of assault and battery with intent to kill and assault and battery with a dangerous weapon were filed against him. On October 23, 1989, DeFazio was arraigned on these charges in a state court. In February of 1992, he entered a guilty plea to the charge of assault and battery with a deadly weapon, was placed on three years' probation and ordered to make restitution to McGonigal.

On October 25, 1989, Edward Kahler, manager of Delta's Boston Reservations Office, met with DeFazio to discuss the automobile incident. During this meeting, Kahler referred to an article about the incident that had appeared in a small Massachusetts newspaper. At the end of the meeting, DeFazio's employment was suspended without pay.

DeFazio's employment was terminated by Delta on December 1, 1989. At the time of the termination, DeFazio's services were considered satisfactory.[3] Delta told DeFazio that his termination was initiated on the basis of DeFazio's encounter with McGonigal.

DeFazio did not file an administrative charge of discrimination with either the Massachusetts Commission Against Discrimination ("MCAD") or the United States Equal Employment Opportunity Commission ("EEOC").

### C. *Discussion of the Law*

#### 1. *Exhaustion of administrative remedies*

Delta argues that because DeFazio never filed a complaint with the MCAD, Counts I

---

**3.** He was then working as a general reservations sales agent, selling tickets to the traveling public.

and II must fail as a matter of law. DeFazio counters that principles of equitable tolling and the continuing violation rule save these Counts. Delta has the better of the arguments.

■ It has repeatedly been held that a plaintiff's failure to file a complaint with the MCAD within the statutory six-month filing period constitutes grounds for dismissal.[4] *Sereni v. Star Sportswear Mfg. Corp.*, 509 N.E.2d 1203, 1204 (1987) ("In the absence of a timely complaint to the MCAD, there may be no resort to the courts"); *Melley v. Gillette Corp.*, 19 Mass.App.Ct. 511, 475 N.E.2d 1227, 1228 (1985) ("a litigant is first to follow the administrative route [which] accords with the usual requirement that administrative remedies are to be exhausted before resort is had to the courts"); *Treadwell v. John Hancock Mut. Life Ins. Co.*, 666 F.Supp. 278, 282 (D.Mass.1987) ("failure to file a timely charge of discrimination bars a party from bringing a c. 151B, § 5 discrimination action in court").

■ DeFazio also argues that he "originally believed that he had no reason to suspect that his discharge could have been because of age or retaliation," and that, therefore, none of the authority cited by Delta applies. The Massachusetts Appeals Court has rejected an almost identical argument. In *Sereni*, 509 N.E.2d at 1204, the Appeals Court stated:

> We do not take seriously Sereni's contention that the six-month limitation period of G.L. c. 151B, § 5 was tolled until Sereni realized that he had been discriminated against on account of his age. The limitation runs from the time of the occurrence of the act of discrimination. The Legislature opted for a short statute of limitations in discrimination cases, and we may not undo that design by injecting an awareness criterion. An action of discrimination may not necessarily, on a subjective basis, be obvious when it happens, but it is not inherently unknowable.

■ Delta claims that timely filing is a jurisdictional prerequisite to bringing a suit under c. 151B. In fact, the filing require-

ment is not a jurisdictional prerequisite, but is more like a statute of limitations and is therefore subject to equitable principles. *Christo v. Edward G. Boyle Ins. Agency*, 402 Mass. 815, 525 N.E.2d 643, 645 (1988). *See Cherella v. Phoenix Technologies Ltd.*, 32 Mass.App.Ct. 919, 586 N.E.2d 29, 31 (1992).

■ Equitable estoppel may be invoked to toll the period "where the plaintiff reasonably relies on the misleading representations of his or her employer." *Conroy v. Boston Edison Co.*, 758 F.Supp. 54, 60 (D.Mass. 1991). As the First Circuit has explained the doctrine under the Age Discrimination in Employment Act ("ADEA"), "Equitable estoppel occurs where an employee is aware of his ADEA rights but does not make a timely filing due to his reasonable reliance on his employer's misleading or confusing representations or conduct." *Kale v. Combined Ins. Co. of Am.*, 861 F.2d 746, 752 (1st Cir.1988). DeFazio argues that Delta misrepresented that his discharge was based on the criminal complaint, and that this was a pretext for an unlawful discharge based on age or retaliation. In support of his claim of pretext, however, DeFazio offers only speculation. The record is devoid of any facts which would tend to show that Delta made its decision to terminate DeFazio's employment on the basis of anything other than the auto escapade.

■ "Equitable tolling" generally occurs when the plaintiff is excusably ignorant of his statutory rights. *Kale*, 861 F.2d at 752. The First Circuit has noted several factors (though this is not an exhaustive list) which have been cited when a court is considering whether equitable tolling should occur: (1) lack of actual notice by the plaintiff; (2) lack of constructive knowledge by the plaintiff (which usually occurs when the plaintiff is represented by an attorney during the limitations period); (3) diligence by the plaintiff in pursuing his or her rights; (4) absence of prejudice to the defendant; (5) reasonableness in the plaintiff's remaining ignorant of the notice requirement. *Id.*

■ The plaintiff has failed to make a showing as to any of the foregoing factors.

---

4. Mass. General Laws chapter 151B, sec. 5, provides: "Any complaint filed pursuant to this sec-

tion must be so filed within six months after the alleged act of discrimination."

In the end, all of DeFazio's excuses, even if supported by fact, would explain only a *delay* in filing. DeFazio has not tried to explain why he never filed a complaint with the MCAD, even after he became aware of his rights. At the latest, he should have filed a claim with the MCAD within six months of retaining an attorney. "When a plaintiff retains an attorney during the limitations period, he or she is charged with constructive knowledge of all procedural requirements." *Conroy v. Boston Edison Co.,* 758 F.Supp. 54, 60 (D.Mass.1991). Yet years after hiring an attorney, DeFazio failed to file his claim with the MCAD. He therefore cannot claim refuge in equitable tolling.

■ DeFazio argues that Delta's refusal to rehire DeFazio in 1992 demonstrates that there was a continuing violation of c. 151B. The First Circuit rejected a similar claim in *Daughtry v. King's Dept. Stores, Inc.,* 608 F.2d 906, 909–10 (1st Cir.1979).

> Defendant's termination of employment is a completed, one-time violation.... It was a one-time violation which had a continuing effect on plaintiff's life, but is not a continuing violation of Title VII.

*Id.* Accordingly, a prior act of alleged discrimination cannot be transformed into a continuing violation by the mere fact of a refusal to rehire.

*Lynn Teachers Union v. MCAD,* 406 Mass. 515, 549 N.E.2d 97 (1990), is not to the contrary. That case involved a union which forced the resignation of several female teachers when they became pregnant. The MCAD found a continuing violation in the failure of the union to credit the teachers, who were later rehired, with their pre-resignation seniority under the seniority system's requirement of consecutive years of service. *Id.* at 521, 549 N.E.2d 97. *Lynn Teachers* is a different case from the case at bar, because

the discriminatory behavior of the union directly flowed into the calculation of seniority benefits. In this case, if it were held that a failure to rehire constituted a continuing violation, the six month filing requirement would be entirely eviscerated. In every termination of employment case, the claimant could reapply and effectively extend the time for filing with the MCAD under c. 151B. The Court does not think that the Supreme Judicial Court would stretch the continuing violation doctrine that far.

In sum, DeFazio has failed to offer an acceptable excuse for his failure to file a claim with the MCAD. Accordingly, summary judgment as to counts I and II is granted.

### 2. Claim Under Chapter 93, § 103

Count III of DeFazio's complaint alleges a violation of M.G.L. c. 93, § 103, the Massachusetts Equal Rights Act ("MERA").[5] This Count incorporates by reference the facts which formed the basis of Counts I and II, and alleges no additional facts.[6] Delta argues that c. 151B preempts DeFazio's MERA claim. The Court agrees.

■ The Massachusetts Appeals Court has held that chapter 151B is the exclusive remedy for employment discrimination cases, at least as to common law claims. *Melley v. Gillette Corp.,* 19 Mass.App.Ct. 511, 475 N.E.2d 1227, 1229 (1985); *Mouradian v. General Elec. Co.,* 23 Mass.App.Ct. 538, 503 N.E.2d 1318, 1319 (1987). In addition, the Appeals Court has held that the Massachusetts Civil Rights Act, M.G.L. c. 12, §§ 11H and 11I, "[does] not create an independent right to vindicate an alleged wrong which might have been the subject of investigation and possible vindication under G.L. c. 151B." *Mouradian,* 503 N.E.2d at 1321.

---

5. Chapter 93, § 103(a) provides in relevant part that "[a]ny person within the commonwealth, regardless of ... age ... shall, with reasonable accommodation, have the same rights as other persons, to make and enforce contracts, inherit, purchase, lease, sell, hold and convey real and personal property, sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property ..."

6. Paragraphs 25 and 26 of DeFazio's complaint state: "DeFazio reiterates the allegations contained in Counts I and II of the Complaint.... The allegations in Counts I and II of the Complaint also constitute a violation of G.L. c. 93, the State Civil Rights Act."

Several federal cases have held that c. 151B bars an independent action under the Massachusetts Civil Rights Act. *Woods v. Friction Materials, Inc.,* 836 F.Supp. 899, 908 (D.Mass.1993); *Bergeson v. Franchi,* 783 F.Supp. 713, 721 (D.Mass.1992); *Conway v. Boston Edison Co.,* 745 F.Supp. 773, 779–780 (D.Mass.1990); *Butler v. RMS Technologies, Inc.,* 741 F.Supp. 1008, 1010–11 (D.Mass. 1990); *Bester v. Roadway Express, Inc.,* 741 F.Supp. 321, 322–23 (D.Mass.1990). These cases all hold that M.G.L. c. 151B is the exclusive remedy for employment discrimination cases.

The reasoning of these state and federal cases applies with equal force to claims under Chapter 93, § 103. *See Lewis v. Gillette Company,* 1993 WL 291771 (D.Mass.1993) (holding that c. 151B preempts claims under MERA). "To permit such duplication of remedies would allow claimants to bypass the procedural prerequisites defined by the legislature in Mass.Gen.L. ch. 151B, crippling the effectiveness of this specific statutory remedy for discrimination in employment." *Bergeson v. Franchi,* 783 F.Supp. 713, 721 (D.Mass.1990).

The Court concludes that DeFazio's MERA claim is preempted by c. 151B.

Accordingly, the Court grants Delta's motion for summary judgment as to Count III.

### 3. *Intentional Interference*

 DeFazio alleged in Count IV of his complaint that three individual employees of Delta, Edward Kalker, Edward Cherof and W. Whitt Hawkins, intentionally interfered with his contractual rights in his employment with Delta. These individuals were never served with the complaint, pursuant to Rule 4 of the Federal Rules of Civil Procedure. The plaintiff states: "Although these individuals have not been served, they all have constructive notice." But the First Circuit has made it clear that "actual notice itself, without more, is insufficient to satisfy the requirements of Fed.R.Civ.P. 4(d)(1)." *Precision Etchings and Findings, Inc. v. LGP Gem, Ltd.,* 953 F.2d 21, 24 (1st Cir.1992).

7. In light of the Court's conclusions, it is unnecessary to discuss the other grounds for Delta's

DeFazio has not even attempted to show good cause, which would excuse the requirement of serving the complaint within 120 days of filing. *See United States v. Ayer,* 857 F.2d 881, 884–85 (1st Cir.1988). This Court thus *sua sponte* dismisses Count IV of the complaint.

### D. *Conclusion*

For the foregoing reasons, Delta's motion for summary judgment is granted and DeFazio's motion for summary judgment is denied.[7] All Counts of the Complaint are dismissed.

So ordered.