Brassard, J.
INTRODUCTION
The plaintiff, Richard Ferguson (“Ferguson”), brought suit against the defendant, Host International, Inc. (“Host”), alleging it breached his employment contract. This matter is now before the court on the defendant’s motion to dismiss and for judgment on the pleadings. For the reasons set forth below, the defendant’s motions are DENIED.
FACTS
Prior to August 3, 1992, Ferguson was employed by Host. On July 31, 1992, while Ferguson was working at the Dunkin’ Donuts Unit located at the U.S. Air Terminal, an incident occurred with a customer. As a result, Ferguson was terminated on August 3, 1992.
On June 4, 1993, Ferguson filed a “Charge of Discrimination” with the Massachusetts Commission against Discrimination (“MCAD”) stating that he “was terminated from his employment as a result of his being African-American.” Ferguson also indicated that he wanted the same charge filed with the Equal Employment Opportunity Commission (“EEOC”). On July 9, 1993, the MCAD issued a “Final Disposition” on Ferguson’s charge of discrimination, concluding that the charge was not timely filed. On May 3, 1994, the EEOC issued a “Notice of Right to Sue (Dismissal)” letter stating that Ferguson’s charge was untimely filed and indicating that he had 90 days to bring suit in United States District Court.
Ferguson subsequently brought the instant action on August 3, 1995, setting forth a claim for breach of contract and asserting that Host violated the terms of its employee handbook.
DISCUSSION
A. Defendant’s Motion to Dismiss
“G.L.c. 151B provides the exclusive remedy for employment discrimination not based on preexisting tort law or constitutional protections, and . . . the plaintiffs failure to adhere to the requirements of G.L.c. 151B required the dismissal of his complaint.” Charland v. Muzi Motors, Inc., 417 Mass. 580, 586 (1994). From this general rule, Host asserts that Ferguson’s claim is essentially a claim of employment discrimination and that he should be barred by the provisions ofG.L.c.l51B from filing the instant action.
In support of its argument, Host references Ferguson’s claim letter dated December 23, 1992, that states: “My client is Afro-American and it is his opinion that his abrupt termination without any real followup investigation into these allegations, was influenced by that fact. He feels he has been discriminated against on the basis of race ...” The claim letter, however, was sent prior to Ferguson’s discrimination claims before the MCAD and EEOC, and also indicated that Ferguson had a claim for wrongful termination as Host failed to follow its employee policies.
While G.L.c. 151B is the exclusive remedy for employment discrimination, the Supreme Judicial Court stated that “we do not view the statute as tending to narrow or eliminate a person’s common law rights where applicable. The statute broadens existing rem *406 edies rather than requiring resort to it as exclusive of all other remedies.” Comey v. Hill, 387 Mass. 11, 20 (1982); Melley v. Gillette Corp., 19 Mass.App.Ct. 511, 513 (1985). In fact, in Mouradian v. General Electric Co., 23 Mass.App.Ct. 538, 543 (1987), the Appeals Court affirmed the dismissal of plaintiffs complaint stating that it “merely dresses a straightforward c. 15 IB claim in several different outfits,” but also stated that “Mouradian’s complaint sets forth nothing that would justify an inference that any independent and cognizable contract or tort claim exists.” Id. Moreover, Host’s reliance on the Melley decision is misplaced as the Melley court refused to create a new common-law action, but indicated that the plaintiff may have proceeded if he had asserted an established common-law claim. Melley v. Gillette Corp., supra at 13.
In the case at bar, Ferguson’s complaint does set forth an independent and cognizable contract claim. Ferguson’s counsel acknowledges that his client can not now bring a claim of employment discrimination, but asserts that his client can still maintain a breach of contract claim based upon a violation of the policies set out in Host’s employee handbook. Without commenting on the merits of Ferguson’s complaint, this court concludes that Ferguson’s breach of contract claim is not barred by G.L.c. 151B.
B. Defendant’s Motion for Judgment on the Pleadings
Host argues that even if this court allows Ferguson to proceed on his breach of contract claim that it is entitled to a judgment on the pleadings. Host contends that Ferguson was an at-will employee who could be discharged “for almost any reason or for no reason at all.” Jackson v. Action for Boston Community Dev., Inc., 403 Mass. 8, 9 (1988). In support of its argument, Host refers this court to its employee handbook that expressly provides that, “This handbook should be seen only as an outline of our policies. It is not a representation or guarantee of continued employment.”
Such arguments, however, are more appropriately made at the summary judgment stage as Ferguson’s complaint does set forth a breach of contract claim. See Jackson v. Action for Boston Community Dev., Inc., supra at 8 (addressing the issue on cross motions for summary judgment). The denial of Host’s motion for a judgment on the pleadings, however, is without prejudice to Host to bring a motion for summary judgment.
ORDER
Based upon the foregoing reasons, it is hereby ORDERED that the defendant’s motion to dismiss and motion for judgment on the pleadings are DENIED.