Gershengorn, J.
This matter is before the court on the defendant, the Talbots, Inc.’s (“Talbots”) motion to dismiss Counts I, II, V and VI of plaintiff Edite Maria Fernandes’s (“Ms. Fernandes” or “plaintiff’) Complaint. After oral argument, and based on all of the evidence, the court makes the following findings and rulings.

BACKGROUND

On or about August 17, 2003, Ms. Fernandes was hired by Talbots as an Assistant Store Manager. Within approximately two weeks of being hired, Tal-bots gave Ms. Fernandes a $2,000 per year raise. On or about September 25, 2003, Ms. Fernandes was diagnosed with thyroid cancer. Plaintiff underwent surgery, and had her thyroid removed on October 7, 2003. Plaintiff alleges that on October 13, 2003, she asked a Talbots’ Store Manager if she could return to work on October 20, 2003. According to the plaintiff, the Store Manager responded that the plaintiff should “just stay home everything is alright, don’t worry about it."
On November 3, 2003, the plaintiff alleges that the Store Manger called her to ask how she was feeling. In addition, the manager informed her that she would be taken off the work schedule because of her absence. On or about November 4, 2003, the plaintiff alleges that she contacted Talbots’ District Manager, who informed her that she was no longer an employee of Talbots, but that she would be rehired when she was ready to return to work.
At some time after this, plaintiff was rehired by Talbots and returned to work on or about November 23, 2003. Plaintiff alleges that upon her return, she was required to perform work assignments which were more physically demanding than other employees. Further, she alleges that these assignments forced her to resign. The Complaint alleges: handicap discrimination under G.L.c. 151B (Count I); failure to make a reasonable accommodation under G.L.c. 15IB (Count II); handicap discrimination under G.L.c. 15 IB (Count Ill-termination from employment on November 3, 2003); failure to make a reasonable accommodation under G.L.c. 151B (Count IV); Breach of Contract (Count V); and Detrimental Reliance (Count VI).

DISCUSSION

I. Rule 12(b)(6) Standard.
Massachusetts Civil Procedure Rule 12(b)(6) permits the dismissal of a Complaint for a failure to state a claim upon which relief may be granted if “it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 97-98 (1977), quoting in part Conley v. Gibson, 355 U.S. 41, 45-46 (1957). To survive a motion to dismiss, the complainant need not advance the correct legal theory but merely must provide a “short and plain statement of the claim showing that the pleader is entitled to relief.” Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979), quoting Mass.R.Civ.P. 8(a)(1). In assessing a motion to dismiss, this court accepts as true all allegations in the complaint as well as any reasonable inferences drawn thereon. See General Motors Acceptance Corp. v. Abington Cas Ins. Co., 413 Mass. 583, 584 (1992); Nader, 372 Mass at 98.
II. Count V: Breach of Contract Constructive Discharge
Plaintiff alleges that she entered into an employment contract with Talbots on August 17, 2003, and that she was terminated in bad faith and in breach of that contract when she was constructively discharged. In order to prevail on a breach of contract claim, the plaintiff must prove: [1] the parties had an agreement; [2] Ms. Fernandes was ready, willing and able to perform; [3] Talbot’s breach prevented her from performing; [4] Ms. Fernandes suffered damages as a result of the breach. Doyle v. Hasbro, Inc., 103 F.3d 186, 194 (1st Cir. 1996). In the present case, Ms. Fernandes has not pled facts which support the inference of a written employment agreement. Therefore, she fails to meet prong one of the analysis cited above.
Further, in the context of an employment relationship, without an agreement establishing a fixed duration, an employment relationship is presumed to be at-will, terminable at the will of either parly. Caroll v. Xerox Corp., 294 F.3d 231, 242 (1st Cir. 2002). Because Ms. Fernandes has not alleged that there was an agreement between herself and Talbots for a fixed duration, she is presumed to be an employee at-will.
*146 The general rule is that an employee at-will can be discharged for almost any reason or for no reason at all without notice. GTE Products Corp. v. Stewart, 421 Mass. 22, 26 (1995).[1] Nonetheless, Ms. Fernandes alleges that she was constructively discharged by Talbots because she was forced to perform more physically demanding work in the storeroom. To establish a claim of constructive discharge, “the trier of fact must be satisfied that the new working conditions would have been so difficult or unpleasant that a reasonable person in the employee’s shoes would have felt compelled to resign.” GTE, 421 Mass, at 34, quoting Alicea Rosado v. Garcia Santiago, 562 F.2d 114, 119 (1st Cir. 1977); see also Binette v. Community Connections, Inc., 61 Mass.App.Ct. 1121 (2004) [unpublished disposition]. However, “(m]ere dissatisfaction with the nature of assignments ... [has] been held insufficient to establish a triable question of fact on the issue of constructive discharge.” GTE, 421 Mass, at 35 [emphasis added]. In the present case, the court finds Ms. Fernandes was dissatisfied with the nature of her assignment in the store room. This dissatisfaction alone, without an employment contract, is not enough to maintain an action for constructive discharge.
Therefore, because Fernandes has set forth no facts on an essential element of her wrongful termination claim — a discharge — the court must DISMISS Count V of her Complaint.
III. Count VI: Detrimental Reliance
The plaintiff alleges that she relied to her detriment on the Store Manager’s statement to, “just stay home everything is alright, don’t worry about it.” In order to assert a claim under the theory of detrimental reliance, there must be an unambiguous promise and the “party to whom the promise was made reasonably relied on the representation.” Rhode Island Hosp. Trust Natn’l Bank v. Varadian, 419 Mass. 841, 849 (1995). “A well founded hope” is not enough to support reasonable reliance. Hall v. Horizon House Microwave, Inc., 24 Mass.App.Ct. 84, 94 (1987). In addition, the promise relied on must operate in a contractual sense as a substitute for consideration in an otherwise valid, enforceable contract. See Rhode Island Hospital Trust, 419 Mass. at 849-50.
In the present case, the plaintiff argues that the Store Manager’s statement to “just stay home everything is alright, don’t worry about it” should be considered a promise to hold Ms. Fernandes’s original position for her while she was ill. However, “[t]he promise of secure and continued employment is simply too vague to be enforceable under the doctrine of [detrimental reliance] ... [It cannot] transform the nature of the plaintiffs employment from at-will to employment for a definite period.” Treadwell v. John Hancock Mut. Life Ins. Co., 666 F.Sup. 278, 287 (D.Mass. 1987); Kaplan v. The Home Depot, 1999 WL 760629 (Mass.App.Ct. 1999). Thus, the Store Manager’s statement, as a matter of law, cannot be considered sufficient to alter the nature of Ms. Fernandes’s employment. She remained an at-will employee, who could be terminated at any time for any reason or no reason at all. GTE Products Corp. v. Stewart, 421 Mass. 22, 26 (1995). Accordingly, her claim for detrimental reliance must also be DISMISSED.
TV. Counts I & II: Handicap Discrimination under G.L.c. 15IB
The plaintiff alleges handicap discrimination under G.L.c. 151B. To establish a primafacie case of employment discrimination on the basis of handicap, the plaintiff must show: [1] that she suffered an adverse employment action; [2] that she is “handicapped”; [3] that she is a “qualified handicapped person”; [4] that she suffered the adverse employment action because of her handicap. Russell v. Cooley Dickinson Hosp., Inc., 437 Mass. 443, 449 (2002). See also Dart v. Browning-Ferriss Indust., Inc., 427 Mass. 1, 7 (1998) (holding that plaintiff alleging G.L.c. 15IB violation need not show she received adverse treatment “solely” because of her handicap).
“An adverse employment action includes any change with respect to the terms, conditions or privileges of employment which materially disadvantages the employee.” MacCormack v. Boston Edison Co., 423 Mass. 652, 663 (1996). In the present case, as discussed above, the plaintiffs move to the storeroom does not support a claim for wrongful termination based on a constructive discharge. However, the move may be considered an adverse employment action since it may have changed the terms or conditions of her employment to her disadvantage. Since Ms. Fernandes has pled facts which may entitle her to relief on this claim, dismissal is inappropriate at this time.

ORDER

Based on the foregoing, the defendant The Talbots Company’s Motion to dismiss is ALLOWED as to Count V (wrongful termination) and Count VI (detrimental reliance) of the Complaint. The Talbots Company’s Motion to dismiss is hereby DENIED as to Counts I & II (handicap discrimination) of the Complaint.

There are some exceptions to the general rule, such as the public policy exception: “[r]edress is available for employees who are terminated for asserting a legally guaranteed right (e.g., filing workers’ compensation claim), for doing what the law requires (e.g. serving on a jury) or for refusing to do what the law forbids (e.g. committing perjury).” GTE, 421 Mass, at 26. Plaintiff pled bad faith breach of contract. In the context of an employment contract bad faith usually infers an exception to the general rule based on public policy. However, G.L.c. 151B provides a statutory means of redress for discrimination claims whereby precluding a plaintiff from bringing a wrongful termination based on the public policy exception that an employee was terminated because of a handicap. Melley v. Gillett Co . 19 Mass.App.Ct. 511, 512-13; See, e.g., Cormier v. Littlefield, 13 F.Sup.2d 127, 129 (D.Mass. 1998); Mayo v. Dalbar, Inc., 14 Mass. L. Rptr. 493 (Mass. Super. April 19, 2002).