■ KATHLEEN VEDDER et al., Respondents, v COUNTY OF NASSAU et al., Appellants. [873 NYS2d 175]—

In an action, inter alia, to recover damages for breach of contract, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (LaMarca, J.), entered August 10, 2007, as denied their motion to dismiss the complaint pursuant to CPLR 3211 (a) (5) and (7).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the defendants' motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (5) is granted, and the motion is otherwise denied as academic.

The plaintiffs are police officers or former police officers who were appointed or reappointed to the Nassau County Police Department pursuant to two consent decrees entered in the United States District Court for the Eastern District of New York in 1982. The consent decrees settled two federal actions that had alleged systematic gender discrimination in the employment practices of the Nassau County Police Department. In 2002 the plaintiffs and others made applications in the United States District Court to enforce the consent decrees, alleging that the defendants had failed to credit or pay them certain severance and retirement benefits that, pursuant to the terms of the consent decrees and the collective bargaining agreement between the County of Nassau and the Police Benevolent Association of the Police Department of the County of Nassau, Inc.,

they were duly owed upon their retirements. The various applications were denied in a single judgment on the ground that the enforcement of a consent decree is subject to equitable defenses, and the applications were barred by laches since the plaintiffs were aware of their claims in the 1980s, when the County's alleged noncompliance with the consent decrees became manifestly clear (*see Brennan v Nassau County*, 352 F3d 60, 63 [2003], *affd after remand sub nom. Durkin v Nassau County Police Dept.*, 175 Fed Appx 405 [2006]). The plaintiffs then commenced this action in the Supreme Court, Nassau County, seeking the same relief under a theory of breach of contract. The defendants moved to dismiss the complaint, inter alia, on the ground that the action was barred by res judicata. The Supreme Court denied the defendants' motion. We reverse.

The judgment in the federal actions denying the plaintiffs' applications to enforce the consent decrees on the basis of laches was a determination on the merits of the claims asserted in the instant action, including the finding that those claims were subject to equitable defenses and the finding that the plaintiffs were guilty of laches (*cf. Smith v Russell Sage Coll.*, 54 NY2d 185, 194 [1981]). Consequently, this action is barred by the doctrine of res judicata (*see Matter of Hunter*, 4 NY3d 260, 269-270 [2005]; *O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]; *see generally* Weinstein-Korn-Miller, NY Civil Prac ¶ 5011.15). Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (5).

The parties' remaining contentions are without merit or need not be reached in light of our determination. Fisher, J.P., Florio, Dickerson and Belen, JJ., concur.