■ RAJAGOPALA S. RAGHAVENDRA, Also Known as RANDY S. RAGHAVENDRA, Founder, Racial Equality Struggles For Columbia University Employees Ad Hoc Committee, Appellant, v LEE C. BOLLINGER, Individually and as President of Columbia University, et al., Respondents. [8 NYS3d 208]—

Order, Supreme Court, New York County (Lucy Billings, J.), entered on or about February 4, 2014, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss the causes of action under the State and City Human Rights Laws, unanimously affirmed, with costs.

This action is time-barred. Defendants' refusal to rehire plaintiff was communicated to him no later than June 28, 2007; the applicable limitations period started running on that date (see *National Railroad Passenger Corporation v Morgan*, 536 US 101, 114 [2002]). Plaintiff's repeated applications to be rehired could not toll, or restart, the limitations period (see *White v Stackhouse, Inc.*, 910 F Supp 269, 273-274 [WD Va 1995]; *DeFazio v Delta Air Lines, Inc.*, 849 F Supp 98, 102 [D Mass 1994], *affd* 34 F3d 1065 [1st Cir 1994]). Defendants' "application of the non-rehire policy, [to the extent it] occur[red] within the statutory time-limits, can not form the basis of a discrete act of discrimination upon which plaintiff may proceed. Rather, the application of the non-rehire policy was a continuation of the original determination that plaintiff was not eligible for re-employment" (*McMillin v United Airlines*, 2008 WL 1744549, *3, 2008 US Dist LEXIS 29917, *10-11 [WD NY, Apr. 11, 2008, No. 07-CV-6450T] [citations omitted]).

As the motion court found, this action is also barred, pursuant to the doctrine of res judicata, by a prior federal court judgment disposing of all of the claims that plaintiff raised or could have raised in that court (see *Vedder v County of Nassau*, 59 AD3d 527 [2d Dept 2009], *lv denied* 13 NY3d 702 [2009]; *Town of New Windsor v New Windsor Volunteer Ambulance Corps, Inc.*, 16 AD3d 403, 405 [2d Dept 2005]). Plaintiff's unceasing applications to be rehired do not remove his post-judgment claims from the bar of res judicata (see *Benjamin v New York City Dept. of Health*, 57 AD3d 403 [1st Dept 2008], *lv dismissed* 14 NY3d 880 [2010]; *Spoon v American Agriculturalist*, 103 AD2d 929 [3d Dept 1984]).

We have considered plaintiff's remaining contentions and find them without merit. Concur—Tom, J.P., Andrias, Saxe, DeGrasse and Kapnick, JJ.