DIANE CHERELLA *vs.* PHOENIX TECHNOLOGIES LTD. No. 90-P-827. February 13, 1992. *Anti-Discrimination Law*, Termination of employment, Sex. *Employment*, Discrimination. *Practice, Civil*, Complaint, Summary judgment. *Civil Rights*, Termination of employment. *Massachusetts Commission Against Discrimination. Limitations, Statute of. Contract*, Employment.

On its face, the plaintiff's complaint of gender discrimination filed with the Massachusetts Commission Against Discrimination (MCAD) was late because it was brought in excess of six months after the alleged act of discrimination. See G. L. c. 151B, § 5. A subsequent action which the plaintiff initiated in Superior Court was dismissed on a motion for summary judgment of the defendant Phoenix Technologies Ltd. (Phoenix).[1] Impliedly (he gave no reasons for his decision), the motion judge rejected the plaintiff's contention that she was so impaired by a back ailment as to cause an equitable tolling of the statute of limitations which had otherwise run against her. We affirm.

Resort to the courts is not available for a complaint of discrimination within the jurisdiction of the MCAD unless the person claiming to have been the object of unlawful discrimination first makes a timely complaint to that agency. *Melley* v. *Gillette Corp.*, 19 Mass. App. Ct. 511, 512-513 (1985), *S.C.*, 397 Mass. 1004 (1986). *Sereni* v. *Star Sportswear Mfg. Corp.*, 24 Mass. App. Ct. 428, 430 (1987). The acts of discrimination alleged were a failure to promote the plaintiff to chief financial officer of Phoenix and her discharge from employment after she had ceased to work because of her back difficulty. Those events occurred in February, March, and April of 1987. The plaintiff filed the complaint with the MCAD on April 28, 1989, a bit more than two years after the asserted discrimina-

---

[1]Phoenix had filed a motion to dismiss under Mass.R.Civ.P. 12(b)(6), 365 Mass. 755 (1974), and a motion in the alternative, for summary judgment. As the judge accepted materials (affidavits) outside the complaint, the motion is treated as one for summary judgment. *Taplin* v. *Chatham*, 390 Mass. 1, 2 (1983). *Davidson* v. *Commonwealth*, 8 Mass. App. Ct. 541, 542 n.2 (1979).

tory acts. Obviously, the six-month limitation period of G. L. c. 151B, § 5, had been greatly exceeded.

That limitations period, however, is subject to equitable tolling. *Christo* v. *Edward G. Boyle Ins. Agency, Inc.*, 402 Mass. 815, 817 (1988). For example, if the potential defendant encourages or cajoles the potential plaintiff into inaction, that conduct may be a basis of extending the limitations period as matter of equity. *Id.* at 817-819. See *Zipes* v. *Trans World Airlines, Inc.*, 455 U.S. 385, 393-398 (1982), decided in connection with analogous Federal rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. (1988). The ground offered for tolling the statute in the instant case is the plaintiff's mental incapacity due to the extreme pain and physical disability brought on by her hurt back. Only back surgery in January, 1989, and consequent alleviation of pain, enabled the plaintiff to reflect on the circumstances of her having been passed over as chief financial officer of Phoenix and her subsequent discharge.

Mental disability has been accepted — sparingly — as a ground for tolling a statute of limitations but then in circumstances where a person literally could not act, as when in a coma because of alleged malpractice. See, e.g., *Clifford* v. *United States*, 738 F.2d 977, 980 (8th Cir. 1984). See more generally *Lopez* v. *Citibank, N.A.*, 808 F.2d 905, 906-907 (1st Cir. 1987). Mental disability of the sort which would cause the tolling of a statute of limitations is described in G. L. c. 260, § 7, as in effect at relevant times, as insanity, which we have defined for that purpose as "any mental condition which precludes the plaintiff's understanding the nature or effects of his acts." *Hornig* v. *Hornig*, 6 Mass. App. Ct. 109, 111 (1978), and cases there cited. See also *Pederson* v. *Time, Inc.*, 404 Mass. 14, 16 (1989).

In her complaint, the plaintiff alleges that she "experienced diminished mental capacity as a result of extreme pain." In an affidavit, she stated "[w]ith regard to the physical disability and chronic pain mentioned in my complaint, I have seen, and continue to see, a variety of medical professionals for treatment of my underlying back problem and chronic pain management." Letters from three physicians who attended the plaintiff speak to her physical problems and discomfort; they do not mention or allude to consequential mental disability of any kind, let alone of a gravity which would preclude the plaintiff from understanding the nature or effects of her acts. Nothing offered by the plaintiff in opposition to the motion for summary judgment provided evidence of mental incapacity as the phrase is understood for tolling purposes. The plaintiff's unsupported allegation to the contrary did not create a material dispute of fact. See *Kourouvacilis* v. *General Motors Corp.*, 410 Mass. 706, 711-715 (1991). Compare *Boudreau* v. *Landry*, 404 Mass. 528, 530 (1989).

Of the other counts in the complaint, most are an attempt to bypass the procedures established in c. 151B and fail on that ground. See *Melley* v.

*Gillette Corp.*, 19 Mass. App. Ct. at 514. We think the equal employment opportunity policy announced in an employee handbook issued by Phoenix in the fall of 1986 (the plaintiff had first been employed at Phoenix in June, 1985) did not establish contractual rights which would support an action for breach of contract. See *Jackson* v. *Action for Boston Community Dev., Inc.*, 403 Mass. 8, 12-15 (1988); *Menard* v. *First Sec. Serv. Corp.*, 848 F.2d 281, 289-290 (1st Cir. 1988). Compare *Garrity* v. *Valley View Nursing Home, Inc.*, 10 Mass. App. Ct. 822 (1980).

*Judgment affirmed.*

*Elizabeth Shackford Reinhardt* for the plaintiff.
*Joan A. Lukey* for the defendant.