Fremont-Smith, J.
The plaintiff, First Financial Insurance Company (“First Financial”) brought this action against the defendants, Salvatore J. LaRosa as Trustee of Ankasa Realty Trust (“Ankasa”), Sonya Incorporated (“Sonya”), and Daniel Flynn (“Flynn”) alleging that it is not obligated to defend and indemnify Ankasa for damages arising out of the alleged negligent conduct of Ankasa and Sonya. First Financial has *112 moved, pursuant to Mass.R.Civ.P. 56 for summary judgment on the ground that, under the Assault and Battery Exclusion contained in the policy issued to Ankasa, it has no duty to defend or indemnify Ankasa as to any damages arising out of the injuries and permanent paralysis suffered by Daniel Flynn. After hearing and the Court’s consideration of the submissions of all parties, First Financial’s motion for summary judgment is ALLOWED.
BACKGROUND
It is undisputed that Salvatore J. LaRosa (“LaRosa”), as trustee of the Ankasa Realty Trust, owns and maintains property at 3999-4001 Washington Street in Roslindale, a portion of which is leased by Sonya, a pizza establishment. LaRosa purchased a general liability insurance policy for the 3999-4001 Washington Street property from First Financial. The policy contains an Assault and Battery Exclusion which provides:
It is agreed and understood that this insurance does not apply to bodily injury or property damage arising out of assault and battery or any act or omission in connection with the prevention or suppression of such acts, whether caused by or at the instigation or direction of the insured, his employees, patrons, or any other person.
It is undisputed that on February 15, 1994, as Daniel Flynn (“Flynn") sat behind the counter at Sonya’s watching television with his friend Michael Gemayel (“Gemayel”), two masked assailants with guns entered the store. As Gemayel and another store employee fled out the back door of the shop, one of the assailants vaulted over the counter, the other assailant came through the counter door and, pointing their guns at Flynn’s chest and threatening to kill him, demanded that Flynn open the cash register. When Flynn was unable to open the register, he turned to flee and was shot three times in the back and permanently paralyzed. On or about September 16, 1994, Flynn, by and through his mother and next friend, brought an action against Ankasa and Sonya alleging that they were negligent in failing to provide securify on the premises and failing to alert persons of the risk of injury while on the premises. On or about January 9, 1995, First Financial filed this action for declaratory judgment against Flynn, Ankasa and Sonya claiming that it is not obligated, under the terms of the policy it issued to Ankasa, to defend and indemnify Ankasa for damages arising out of the alleged negligent conduct of Ankasa and Sonya.
DISCUSSION
This court should grant summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Nashua Corp. v. First State Ins. Co., 420 Mass. 196, 202 (1995); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56. The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not bear the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the nonmoving party is unlikely to submit proof of that element at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors, Corp., 410 Mass. 706, 716 (1991). The nonmoving party cannot defeat the motion for summary judgment by resting on its pleadings and move assertions of disputed facts ..." LaLonde v. Eissner, 405 Mass. 207, 209 (1989). The nonmoving party’s failure to prove an essential element of its case “renders all other facts immaterial” and mandates summary judgment in favor of the moving party. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). Vague and general allegations of expected proof are not enough to defeat a summary judgment motion. Cherella v. Phoenix Technologies, Ltd., 32 Mass.App.Ct. 919, 920 (1992).
Flynn and Sonya first assert that it is not clear whether the policy presented by the plaintiffs is actually the policy covering the Ankasa property at 3999-4001 Washington Street in Roslindale. The plaintiff has submitted the affidavit of Doug Slack, Underwriting Operations Manager at First Financial, which attests to the authenticity of the policy, including the attached assault and battery exclusion. Moreover, the plaintiff points out that defendant LaRosa, as trustee of Ankasa Realty Trust, admitted that the policy was true and authentic.
Each of the defendants further asserts that the language of the Assault and Battery Exclusion is subject to more than one reasonable interpretation, suggesting first that acts of negligence do not fall within the terms of the exclusion, and then asserting that the exclusionary language does not apply if the assault causing the injury was committed by a third party. The plain meaning of the language of the Assault and Battery Exclusion, however, does not reasonably lend itself to either interpretation. See Liquor Liability Joint Underwriting Ass’n of Massachusetts v. Hermitage Ins. Co., 419 Mass. 316, 321, n.4 and n.5 (1995), where the court cited examples of what it considered sufficiently clear and unmistakeable exclusionary language, including Kelly v. Figueiredo, 223 Conn. 31, 32, 610 A.2d 1296 (1992), which held that exclusionary language virtually identical to that here covered an assault and battery by third parties.
ORDER
Accordingly, First Financial’s motion for summary judgment is hereby ALLOWED.