**Jamie LOWE, Plaintiff,**

v.

**ANGELO'S ITALIAN FOODS, INC., Defendant.**

No. 93–1233–JTR.

United States District Court, D. Kansas.

May 12, 1997.

William L. Fry, William Fry & Associates, Wichita, KS, for Jamie Lowe.

Alexander B. Mitchell, II, Gary M. Austerman, Klenda, Mitchell, Austerman & Zuercher, Wichita, KS, for Angelo's Italian Foods, Inc.

## MEMORANDUM AND ORDER

REID, United States Magistrate Judge.

This case is now before the court following a remand by the 10th Circuit. *Lowe v. Ange-*

*lo's Italian Foods, Inc.,* 87 F.3d 1170 (10th Cir.1996). Judge Kelly had initially granted defendant's motion for summary judgment on all claims. The 10th Circuit had affirmed that ruling on all claims except for the Americans With Disabilities Act (ADA) claim. On the ADA claim, the 10th Circuit held that plaintiff had raised a genuine issue of fact with respect to whether she suffers from a disability and with respect to her qualifications at Angelo's, and remanded this issue to the trial court for further consideration. 87 F.3d at 1174. After remand, the parties consented to having all further proceedings conducted by this court. 28 U.S.C. § 636(c)(1).

On January 6, 1997, defendant filed a motion for summary judgment (Doc. 159–160). Plaintiff responded on February 7, 1997 (Doc. 161). Defendant filed a reply on February 13, 1997 (Doc. 163). Plaintiff then sought to file a further brief, which was subsequently filed on April 7, 1997 (Doc. 167). Defendant then filed the final pleading on April 15, 1997 (Doc. 168). The issue raised in the motion is whether the fact that plaintiff applied for and received Social Security disability benefits estops her from asserting an ADA claim.

For purposes of this motion, the uncontroverted facts are as follows. Plaintiff was employed by Angelo's from August 23, 1992 to October 22, 1992. On Thursday, October 22, 1992, plaintiff presented Angelo Fasciano (the owner of Angelo's) with a letter from her doctor dated October 21, 1992. The letter indicated that plaintiff had some neurological problems and set forth limitations on her ability to perform some types of work. Plaintiff was fired by the defendant almost immediately after she presented the letter to her employer.

On March 31, 1993, plaintiff filed an application for social security disability. In her application, plaintiff alleges that her impairment began on October 25, 1992. In a decision dated November 25, 1994, the ALJ stated that "[t]he claimant alleged in the application for benefits that she had been unable to work since October 25, 1992 as a result of numbness and weakness caused by multiple sclerosis." Under the ALJ's evalu-ation of the evidence, the ALJ stated that "[s]ince the claimant's impairments meet the level of severity required by the Listings, Regulation 416.920(d) requires that she be found 'disabled' as of October 25, 1992." The ALJ then made the finding that the Regulation required that she be found disabled as of October 25, 1992. The decision of the ALJ was that, as of the date of the application filed on March 31, 1993, plaintiff was disabled under the Social Security Act.

■ Every court that has considered the question in this district has held that when an employee represents that he or she is totally disabled in order to receive disability benefits, that employee is estopped from claiming that he or she can perform the essential functions of the job with or without reasonable accommodation. *Hiebert v. IFR Systems, Inc.,* No. 95–1319, slip op. at 12 (D. Kan. April 10, 1997) (Humphreys, M.J.); *Trotter v. B & S Aircraft Parts & Accessories, Inc.,* No. 94–1404, 1996 WL 473837 at *9 (D.Kan. Aug. 13, 1996) (Theis, S.J.); *Smith v. Midland Brake, Inc.,* 911 F.Supp. 1351, 1357–61 (D.Kan.1995) (Saffels, S.J.); *Lamury v. Boeing Co.,* No. 94–1225, 1995 WL 643835 at *6 (D.Kan.1995) (Kelly, S.J.); *Nguyen v. IBP, Inc.* 905 F.Supp. 1471, 1484–85 (D.Kan.1995) (Crow, J.); *Ricks v. Xerox Corp.,* 877 F.Supp. 1468, 1477 n. 9 (D.Kan. 1995) (Lungstrum, J.), *aff'd,* 96 F.3d 1453 (table) (10th Cir.1996); *Garcia–Paz v. Swift Textiles, Inc.,* 873 F.Supp. 547, 555 (D.Kan. 1995) (Vratil, J.). A majority, if not all, of the circuit courts that have addressed this issue have reached the same conclusion. *Blanton v. Inco Alloys International, Inc.,* 108 F.3d 104, 108–09 (6th Cir.1997) (plaintiff sued under state disability law); *Budd v. ADT Security Systems, Inc.,* 103 F.3d 699, 700 (8th Cir.1996); *McNemar v. The Disney Store Inc.,* 91 F.3d 610, 619 (3d Cir.1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 958, 136 L.Ed.2d 845 (1997) (citing with approval *Garcia–Paz* and *Smith,* 91 F.3d at 618); *Rissetto v. Plumbers and Steamfitters Local 343,* 94 F.3d 597, 604–05 (9th Cir.1996) (court held in a non-ADA case that because of a worker's compensation settlement based on plaintiff's assertion that she could not work, she was judicially estopped from asserting legal

claims based on her ability to work; citing with approval the Kansas cases of *Smith* and *Garcia–Paz*, 94 F.3d at 604 n. 4); *August v. Offices Unlimited, Inc.*, 981 F.2d 576, 580–84 (1st Cir.1992). Plaintiff cites to the case of *Overton v. Reilly*, 977 F.2d 1190 (7th Cir. 1992) to show contrary authority. However, all that the court held in *Overton* was that the finding of disability by social security was not dispositive in a Rehabilitation Act case where the plaintiff was handicapped. 977 F.2d at 1196. The court noted evidence that the plaintiff was able to perform his work. More importantly, the issue of whether a plaintiff who represents that he or she is disabled in order to receive disability payments should be estopped from claiming that he or she can perform the essential functions of the job with or without reasonable accommodation in an ADA or similar claim was not addressed in *Overton*. More recently, in the case of *DeGuiseppe v. Village of Bellwood*, 68 F.3d 187, 190–192 (7th Cir.1995), the court invoked the doctrine of judicial estoppel to bar a plaintiff in an employment retaliation case from arguing that he was not disabled when he had successfully applied for a disability pension. Judicial estoppel has been utilized in these situations in order to prevent plaintiffs from speaking out of both sides of their mouth with equal vigor and credibility before the court. E.g., *McNemar*, 91 F.3d at 618; *Reigel v. Kaiser Foundation Health Plan of North Carolina*, 859 F.Supp. 963, 970 (E.D.N.C.1994). A plaintiff cannot simultaneously be unable to work and able to perform the duties of his or her position. *Trotter*, 1996 WL 473837 at *9. A party should be precluded from arguing whatever state of facts seems advantageous at a point in time, and a contradictory state of facts whenever self-interest may dictate a change. *Smith*, 911 F.Supp. at 1361. Based on the clear precedent cited, this court therefore holds that when an employee represents that he or she is totally disabled in order to receive disability benefits, that employee is estopped from claiming that he or she can perform the essential function of the job with or without reasonable accommodation.

■ In this case, plaintiff claimed that she was disabled and was in fact found to be disabled at or about the time at which she claimed she could perform the essential functions of the job with the defendant with or without reasonable accommodation. The timing of plaintiff's termination in this case in relation to her claim of disability is very similar to those in *Nguyen,* 905 F.Supp. at 1478–79, and *Garcia–Paz*, 873 F.Supp. at 554–555. In *Nguyen*, the plaintiff sought social security disability benefits; he claimed that he was disabled 5 days before he was terminated and was found to be disabled as of 3 or 5 days after he was terminated. In *Garcia–Paz*, the plaintiff also sought social security benefits; she claimed and was found to be disabled and unable to work on the day she was terminated. In the *Rissetto* case, plaintiff brought claims of age discrimination and wrongful discharge. The court invoked the doctrine of judicial estoppel because the plaintiff successfully obtained disability benefits, which she began receiving only three days after she last worked. 94 F.3d at 598, 604–605. The court therefore holds that plaintiff is barred from claiming that she could perform the essential functions of the job with the defendant with or without accommodation given the fact that she successfully claimed that she was disabled and unable to work only three days after she sought an accommodation and was terminated. She is therefore unable to maintain a claim for wrongful discharge under the ADA.

IT IS THEREFORE ORDERED that the motion for summary judgment is granted.