**Paul W. TUNNICLIFF, Plaintiff,**

v.

**MOTEL 6, OLP, Defendant.**

**CIV.A. No. 97–40146–NMG.**

United States District Court,
D. Massachusetts.

Jan. 13, 1998.

Paul W. Tunnicliff, Warren, MA, Pro se.

Judith A. Malone, Sally L. Adams, Palmer & Dodge, Boston, MA, for Defendant.

## MEMORANDUM & ORDER

GORTON, District Judge.

The plaintiff, Paul W. Tunnicliff, brings claims against his former employer, the defendant, Motel 6, OLP ("Motel 6") for discrimination on the basis of age, religion and disability in violation of 1) M.G.L. c. 151B § 4(1),(1B) & (16) ("Chapter 151B"), 2) the Age Discrimination in Employment Act, 29 U.S.C. § 621 ("the ADEA"), 3) the Americans with Disabilities Act, 42 U.S.C. § 12101 ("the ADA") and 4) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2 *et seq.* ("Title VII"). Pending before this Court are the motion of Motel 6 to dismiss the claims of discrimination on the basis of disability and religion and the motions of Tunnicliff a) to remand, b) for attachment of real property and c) to compel interrogatories. Those motions are addressed below *seriatum.*

## I. *Motion of Motel 6 to Dismiss Claims of Discrimination on the Basis of Disability and Religion*

▓▓ Prior to commencing a civil action for employment discrimination under Chapter 151B, the ADEA, the ADA and Title VII, an employee must file a timely administrative charge. *See* M.G.L. c. 151B §§ 5–9; 29 U.S.C. § 626(d); 42 U.S.C. § 2000e–5(f); 42 U.S.C. § 12117; *see also Lattimore v. Polaroid Corp.,* 99 F.3d 456, 464 (1st Cir.1996). The scope of any subsequent civil complaint for discrimination is limited to the scope of the charge filed with the administrative agency and "the investigation which can reasonably be expected to grow out of that charge." *Lattimore,* 99 F.3d at 464 (quoting *Less v. Nestle Co.,* 705 F.Supp. 110, 112 (W.D.N.Y.1988)); *Powers v. Grinnell Corp.,* 915 F.2d 34, 38 (1st Cir.1990).

▓▓ In the present case, Tunnicliff filed an administrative charge of age discrimination with the Massachusetts Commission Against Discrimination ("MCAD") and the Equal Employment Opportunity Commission ("EEOC"). In the statement of particulars accompanying that charge, he alleged only that he was falsely accused of being rude to customers and was replaced by a younger worker. Tunnicliff did not charge discrimination on the basis of disability or religion and did not allege facts that would support such charges.

In his complaint, initially filed *pro se* in Massachusetts Superior Court and then removed to this Court, Tunnicliff adds to the facts alleged in his administrative charge that

1) while he was employed, he was prevented from attending church by the tardiness of another employee, and

2) when he was terminated, he was "under some depression."

These new facts are apparently intended to support his claims of discrimination on the basis of religion and disability.

Because those claims and the facts supporting them exceed the scope of the allegations Tunnicliff filed with the MCAD and EEOC, he has failed to exhaust his administrative remedy with respect thereto. *See Johnson v. General Electric,* 840 F.2d 132, 139 (1st Cir.1988) (dismissing retaliatory discharge claim for failure to exhaust administrative remedy); *see also Lattimore,* 99 F.3d at 464 (finding that, in order to meet the procedural requirement of exhausting administrative remedies, "[e]ven a *pro se* complainant is required to describe the essential nature of the claim and to identify the core facts on which it rests").

The motion of Motel 6 to dismiss claims of discrimination on the basis of disability and religion will, therefore, be allowed.

## II. *Tunnicliff's Motions*

### A. *Motion to Remand*

This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1332 because 1) Tunni-

cliff asserts federal claims under the ADA, the ADEA and Title VII and 2) Tunnicliff is a citizen of Massachusetts while Motel 6 is a corporation incorporated in the State of Delaware and having its principal place of business in the State of Texas, thereby constituting diversity. Tunnicliff's motion to remand will, therefore, be denied.

### B. *Motion for Attachment of Real Property*

 Pursuant to Fed.R.Civ.P. 64, the remedy of attachment is available "under the circumstances and in the manner provided by the law of the state in which the district court is held." In Massachusetts, the substantive standard and procedure governing attachments are contained in Rule 4.1 of the Massachusetts Rules of Civil Procedure which provides that an order approving attachment

> may be entered only after notice to the defendant and hearing and upon a finding by the court that there is a reasonable likelihood that the plaintiff will recover judgment, including interest and costs, in an amount equal to or greater than the amount of the attachment over and above any liability insurance shown by the defendant to be available to satisfy judgment.

Mass.R.Civ.P. 4.1(c). That rule also requires the movant to submit affidavits setting forth "specific facts sufficient to warrant the required findings" based upon the affiant's own knowledge, information or belief. Mass.R.Civ.P. 4.1(c) & (h).

Because Tunnicliff has failed to submit supporting affidavits and has not otherwise alleged specific facts showing a reasonable likelihood of recovery in any amount, his motion for attachment of real property will be denied.

### C. *Motion to Compel Interrogatories*

Under Fed.R.Civ.P. 26(d) and Local Rule 26.2(A), a plaintiff may not initiate discovery prior to disclosing information as required by Fed.R.Civ.P. 26(a)(1). Because such information has not yet been disclosed, Tunnicliff's motion to compel will be denied, without prejudice.

### ORDER

For the foregoing reasons:

1) the motion of the defendant, Motel 6, OLP, to dismiss claims of discrimination on the basis of disability and religion (Docket No. 4) is **ALLOWED**;

2) the motions of the plaintiff, Paul W. Tunnicliff, to remand (Docket No. 3) and for attachment of real property (Docket No. 8) are **DENIED**; and

3) the motion of the plaintiff to compel interrogatories (Docket No. 12) is **DENIED, WITHOUT PREJUDICE.**

So ordered.