Fecteau, J.
The plaintiff, Russell Berghuis (“Berghuis”), brought this wrongful termination action in May 1995 against the defendant alleging that he was terminated because of a disability and that he did not receive accrued benefits upon his termination. The defendant, University of Massachusetts Medical Center (“the University”), has moved this Court pursuant to Mass.R.Civ.P. 56(c) for summary judgment. A hearing was held on defendant’s motion before this Court on March 13, 1998. For the following reasons, the defendant’s motion is ALLOWED.
BACKGROUND[1]
Berghuis began his employment with the University in May 1976 and had the status of a “nonbenefited employee” until January 1978 when he became an “employee,” meaning that he received benefits. At the time of his termination from the defendant’s employ on January 16, 1993, Berghuis held the position of manager for the Department of Environmental Services.
Since 1986, Berghuis has received treatment for, what he terms, his “mental condition.” Berghuis remained in his position with the University while receiving treatment. During his employment at the University, Berghuis received treatment for obsessive-compulsive disorder (“OCD”), depression and anxiety. Berghuis claims (and medical reports confirm) that his OCD symptoms worsened when he was exposed at work to blood that was improperly discarded. Following this incident, Berghuis’s physicians recommended that he take time off from work. Berghuis took a total of nine months unpaid leave during 1991 and used all of his accrued time off.
While on leave from the University, Berghuis filed for worker’s compensation temporary disability benefits. The University challenged the determination that Berghuis’s disability was caused by his employment. As a result of the University’s challenge, Berghuis’s weekly benefits were terminated. Berghuis appealed the termination of benefits; however, on November 19, 1991, prior to the hearing on the appeal, the University and Berghuis executed an agreement for compensation for total, temporary disability to be retroactively applied to the period of June 12, 1990 to November 19, 1991. On April 2, 1993, the Department oflndustrial Accidents Division of Dispute Resolution (“DIA”) approved the agreement between Berghuis and the University for redeeming liability by lump sum settlement under G.L.c. 152. The agency found that:
as a result of a series of identifiable, work-related incidents, [Berghuis] suffered serious emotional injuries, culminating in his inability to continue work as of June 11, 1990 .... All of [the examining doctors] agree that [he] suffered and is suffering from obsessive/compulsive disorder, paranoid delusions, depression and anxiety; that these conditions are causally related to the incidents at work; that [he] is totally disabled to do any kind of gainful work.
While approval of the agreement between the parties was pending before the DIA, Berghuis received a notice from the University on December 23, 1992, which stated that his accrued sick, vacation and personal time would expire on January 5, 1993. The notice further stated that he was scheduled to return to work on August 3, 1992, and that if he did not return to work by January 11, 1993 his employment would be terminated effective January 16, 1993 because of Berghuis’s inability to return to work. Berghuis claims that, following his receipt of the notice of termination, he became suicidal.
On May 6, 1993, Berghuis filed an application with the State Board of Retirement for accidental disability retirement benefits. The Board approved Berghuis’s application on October 16, 1995. On March 7, 1994, Berghuis filed a complaint with the Massachusetts Commission Against Discrimination (“MCAD”). Berghuis charged the defendant with discrimination related to the receipt of notice of termination of employment.
DISCUSSION
A motion for summary judgment is in order, and shall be granted “if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.” Mass.R.Civ.P. 56(c); Nashua Corp. v. First State Insurance Co., 420 Mass. 196, 202 (1995); Wheatley v. American Telephone & Telegraph Co., 418 Mass. 394, 397 (1994); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of proving that there are no material issues of fact and that it is entitled to judgment as a matter of law. Highlands Insurance Co. v. Aerovox, Inc., 424 Mass. 226, 232 (1997); Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Where the moving party does not bear the burden of proof at trial, “this burden need not be met by affirmative evidence negating an essential element of the . . . case, but may be satisfied by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991).
*364 The University has moved this Court for summary judgment on the grounds that Berghuis failed to exhaust his administrative remedies with the MCAD; that Berghuis is not a “qualified handicapped person” under G.L.c. 151B, §1(6), the Americans with Disabilities Act (“ADA”), 42 U.S.C. §12111, et seq. or the Massachusetts Worker’s Compensation Act, G.L.c. 152, §75B; and that there was no breach of contract by the defendant for termination in violation of public policy or for failure to provide certain accrued benefits to the plaintiff.
1. Failure to Exhaust Administrative remedies
The University contends that for statute of limitations purposes the alleged discriminatory act occurred on December 23, 1992, the date of the notice of termination. The plaintiffs MCAD complaint was not filed until March 7, 1994, more than fourteen months later. Therefore, according to defendant’s position, the plaintiff is barred from bringing suit in this Court because he did not file with the MCAD within the six month statute of limitations period. The defendant argues that plaintiff is similarly barred from bringing suit under the ADA because he failed to file a timely charge with the Equal Employment Opportunity Commission (“EEOC”); that is, within three hundred days of the alleged discriminatory event. See 42 U.S.C. §2000e-5(e). Berghuis claims that the statute of limitations should be tolled because the defendant’s actions caused him to be suicidal, which made him incapable of discovering his rights under the state and federal anti-discrimination statutes.
Before a plaintiff may file a complaint in the Superior Court, he must comply with statutory filing requirements by filing a complaint with the MCAD. G.L.c. 151B, §9; 804 CMR §1.03(4)(a). “Resort to the judicial process is not available to a party claiming [handicap] discrimination (or other discrimination claims within the adjudicatory sphere of the MCAD) unless that party has first lodged a complaint of unlawful discrimination with the MCAD within six months of the occurrence of the discriminatory event[.]” Tardanico v. Aetna Life & Casualty Co., 41 Mass.App.Ct. 443 (1996).
The six month statute of limitations is subject to equitable tolling in certain circumstances. Cherella v. Phoenix Technologies Ltd., 32 Mass.App.Ct. 919 (1992). “Mental disability has been accepted — sparingly — as a ground for tolling a statute of limitations but then in circumstances where a person literally could not act, as when in a coma because of alleged malpractice.” Id. at 920. Mental disability that would cause the tolling of a statute of limitations can be understood as any mental condition which precludes the plaintiffs understanding the nature or effects of his acts and thus prevents him from comprehending his legal rights. Pederson, 404 Mass. at 16; Cherella, 32 Mass.App.Ct. at 920 (quoting Hornig v. Hornig, 6 Mass.App.Ct. 109, 111 (1978)).
Berghuis has alleged that as a result of his termination by the University he was suicidal and needed to be restrained and hospitalized. Prior to and after the date of the notice of termination to the filing of the MCAD charge, however, the plaintiff pursued accidental disability benefits and he continued to pursue worker’s compensation benefits. Furthermore, from the date when Berghuis’s employment ceased he filed numerous claims with state agencies, pursued appeals and medical treatment. Although apparently severely disabled, Berghuis has not demonstrated the sort of mental incapacity sufficient to toll the statute of limitations. For this reason, defendant’s motion must be allowed. However, notwithstanding this Court’s ruling on the statute of limitations issue, defendant’s motion must also be allowed on the merits.
2. “Qualified Handicapped Person”
The University argues that Berghuis does not meet the definition of a “qualified handicapped person.” A “qualified handicapped person” is defined as a person who “is capable of performing the essential functions of a particular job with reasonable accommodation to his handicap.” G.L.c. 151B, §1(6). Similarly, under the ADA, 42 U.S.C. §12111(8), a “qualified individual with a disability” is defined as “an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." Section 75B of G.L.c. 152, the worker’s compensation statute, contains language mirroring the definition of a qualified handicapped person in chapter 15 IB and prohibits discrimination against employees who exercise their rights under that chapter. G.L.c. 152, §75B(1) & (2).
The University maintains that since he began his leave from the University, Berghuis has stated that he is unable to return to work because of his disability. The University takes the position that Berghuis cannot now argue that he is a “qualified handicapped person” or a “qualified individual with a disability” within the meaning of the anti-discrimination statutes because the ability to perform the duties of the job with or without reasonable accommodation is necessary to be “qualified.” Berghuis argues in opposition to this motion that he has consistently had the ability to perform essential job functions, even with his disability.
The summary judgment record demonstrates that Berghuis has received treatment for his disability since at least 1986. Since that time, Berghuis maintained employment with the University, receiving favorable performance reviews. However, it is clear that following an event not explicitly set forth in the record, the plaintiff was no longer able to continue in his employment. Doctors who examined Berghuis came to the conclusion that he is totally and permanently disabled. It would be inconsistent to hold that Berghuis is totally disabled for the purpose of collect *365 ing benefits, yet able to perform essential job functions for the purpose of finding that his termination was discriminatory. Accordingly, Berghuis does not meet the criteria of a “qualified” handicapped or disabled person within the meaning of G.L.c. 151B, §1(16), or the ADA, 42 U.S.C. §12111, et seq. See e.g. August v. Offices Unlimited, Inc., 981 F.2d 576 (1st Cir. 1992) (sales employee unable to work due to depression was not a qualified handicapped person, even if requests for accommodations were reasonable, where employee admitted on disability insurance forms that he was totally disabled); Lowe v. Angelo’s Italian Foods, Inc., 966 F.Supp. 1036 (D.Kan. 1997) (when employee represents that he or she is totally disabled in order to collect social security disability benefits, that employee is estopped from claiming that he or she can perform essential functions of the job with or without reasonable accommodation within the meaning of the ADA).
3. Breach of Contract/Wrongful Termination
Berghuis claims that he was terminated in violation of his employment contract and in violation of public policy. The thrust of Berghuis’s claim is that he was terminated because of his disability. Although he also claims that he was terminated without receiving accrued benefits, Berghuis has presented no evidence to support the claim and does not argue the issue in his memorandum in opposition to the instant motion. The University must be allowed summary judgment on Berghuis claim because it alleges behavior for which chapter 15 IB provides the exclusive remedy. “Insofar as the plaintiffs common law claims are merely recast versions of. . . claims under c. 15 IB, they are barred by that statute’s exclusivity provision.” Green v. Wyman-Gordon Co., 422 Mass. 551, 558 (1996).
ORDER
For the foregoing reasons, the defendant University of Massachusetts Medical Center’s Motion for Summary Judgment is ALLOWED.

For the purposes of this motion, the following facts are disputed.