**Robert DESANDO, Plaintiff,**

v.

**LUCENT TECHNOLOGIES, Defendant.**

No. Civ.A.01–11550–PBS.

United States District Court, D. Massachusetts.

March 25, 2002.

Thomas J. Gleason, Gleason Law Offices, Haverhill, MA, for Plaintiff.

Gregory C. Keating, Seth R. Aframe, Choate, Hall & Stewart, Boston, MA, for Defendant.

### *MEMORANDUM AND ORDER*

SARIS, District Judge.

### I. INTRODUCTION

Plaintiff, Robert DeSando, brings this action against his former employer, Lucent Technologies ("Lucent"), alleging discrimination based on his disability in violation of Mass.Gen.Laws ch. 151B, 42 U.S.C. § 12101, *et seq.*, and 29 U.S.C. § 701, *et seq.* Lucent moves to dismiss on the ground that the complaint is time barred because the plaintiff failed to file his charge with the Massachusetts Commission Against Discrimination (the "MCAD") within six months of the discriminatory acts. Plaintiff claims that the six-month statute of limitations has been tolled because he has a mental disability and a pending union grievance.

After hearing and supplemental briefing, the defendant's motion is *ALLOWED.*

### II. FACTS

The record contains the following facts, which are undisputed unless otherwise noted. On November 10, 1998, DeSando was fired from his job for allegedly falsifying company records, after a long string of disciplinary problems. DeSando filed a union grievance under a collective bargaining agreement between the Communication Workers of America, Local 1365 (the

"Union") and Lucent. The Union summarized its position on the "Expedited Grievance Report" as follows:

> Member was unjustly terminated. We contend that the individual should not have been driving a fork lift truck considering his past record. This last incident certainly could have been avoided if the company acted in a responsible manner.

The Union did not assert on this report any allegation of discrimination based on disability. The grievance was denied on December 29, 1998.

On February 5, 1999, DeSando received notice from Betty Levasseur, president of the Union, that his grievance was not being pursued to arbitration and that the case had been closed. The letter also stated, "Should you decide to appeal our decision regarding arbitration, you may do so by following the procedure stated in the [Union] Constitution." Plaintiff submitted no evidence that he appealed that decision to the Union. On May 25, 1999, the Union wrote a letter to John Ostrowski, Director of Workforce Relations of Lucent, attempting to re-open plaintiff's grievance. The letter stated in relevant part:

> [Mr. DeSando's] grievance was denied in correspondence dated December 29, 1998. Part of the Union's case was the fact that Mr. DeSando was suffering from a 'Pervasive Developmental Disorder'.... It has come to my attention that [plaintiff] ... was granted 'disability benefits' by the Social Security Administration. Based on the above ... I am requesting that the Company *reopen* this case to determine if he is qualified for either Long Term Disability or a Disability Pension.

(emphasis added). On July 27, 1999, Ostrowski responded to the Union's May 25 letter, writing: "I have learned that ... Mr. DeSando ... is not eligible for bene-

fits.... Please contact me if you have further questions."

On December 31, 1999, DeSando filed a charge with the MCAD for violation of the Mass.Gen.Laws ch. 151B and federal statutes, stating:

> The petitioner believes he experienced disparate treatment in the workplace. The petitioner believes that the respondent did not reasonably accommodate his handicap and otherwise terminated him because of the challenges presented by his handicap....

Ninety days later, plaintiff filed a substantially similar complaint in Massachusetts Superior Court which defendant removed to federal court. Plaintiff never notified the MCAD that he had filed the action in Superior Court.

On February 14, 2000, Marcia C. Hamilton, Equal Opportunity/Affirmative Action Consultant for Lucent, submitted a five-page "Statement of Position" to the MCAD which contained the following two sentences: "[DeSando] has taken advantage of this right [to challenge his dismissal] and has a pending grievance.... Currently his petition is still open."

Apparently unaware that an action had been filed in state court, the MCAD subsequently dismissed the administrative complaint on October 1, 2001, holding:

> Your complaint was not timely filed with the Commission, i.e. you waited too long after the date of the alleged discrimination to file. Because it was filed outside the time limit proscribed by law, the Commission cannot investigate your allegations.

In addition, the MCAD wrote a memorandum to accompany the notice of dismissal which stated in relevant part:

> The complaint as filed is 13 months after the alleged discriminatory act. The Complainant admittedly filed a union

grievance on or about January 29, 1999 pursuant to the collective bargaining agreement. The Complainant has not offered any information to show that the union grievance was based on his membership in a protected class. The Complainant's counsel of record has not filed any information to support a theory of equitable tolling nor did he exercise his right to discovery.

Plaintiff did not appeal the MCAD's decision.

## III. SUMMARY JUDGMENT STANDARD

Although defendant moved to dismiss, both sides submitted affidavits and information outside of the four corners of the complaint. Accordingly, pursuant to Fed. R.Civ.P. 12(b)(6) and 56(c), the Court will treat this motion as a motion for summary judgment. "Summary judgment is appropriate when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Barbour v. Dynamics Research Corp.*, 63 F.3d 32, 36 (1st Cir.1995) (quoting Fed.R.Civ.P. 56(c)), *cert. denied*, 516 U.S. 1113, 116 S.Ct. 914, 133 L.Ed.2d 845 (1996). "To succeed [in a motion for summary judgment], the moving party must show that there is an absence of evidence to support the nonmoving party's position." *Rogers v. Fair*, 902 F.2d 140, 143 (1st Cir.1990); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

"Once the moving party has properly supported its motion for summary judgment, the burden shifts to the non-moving party, who 'may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing there is a genuine issue for trial.'" *Barbour*, 63 F.3d at 37 (quoting *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). "There must be 'sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable or is not significantly probative, summary judgment may be granted.'" *Rogers*, 902 F.2d at 143 (quoting *Anderson*, 477 U.S. at 249–50, 106 S.Ct. 2505) (citations and footnote in *Anderson* omitted). The Court must "view the facts in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Barbour*, 63 F.3d at 36.

## IV. ANALYSIS

### A. Mental Disability

The plaintiff argues that he should be excused from complying with the statute of limitations because of his intellectual impairments. "Mental disability has been accepted—sparingly—as a ground for tolling a statute of limitations but then in circumstances where a person literally could not act, as when in a coma because of alleged malpractice." *Cherella v. Phoenix Techs. Ltd.*, 32 Mass.App.Ct. 919, 920, 586 N.E.2d 29, 31 (1992) (rejecting claim of mental instability due to the extreme pain and disability caused by back injury). A plaintiff must provide evidence of mental incapacity as the phrase is used for tolling purposes. *See id.* The type of mental disability which would be sufficient to toll the six-month statute of limitations is "any mental condition which precludes the plaintiff's understanding the nature or effects of his acts." *Id.* (quoting *Hornig v. Hornig*, 6 Mass.App.Ct. 109, 111, 374 N.E.2d 289, 291 (1978)).

The evidence of mental disability does not support equitable tolling. Plaintiff was referred by the Lucent Employee Assistance Program to Riverside Counseling Associates. On November 19, 1998 (after discharge), Dr. Stephen F. Boy

wrote a letter to Lucent stating that plaintiff suffers from Pervasive Developmental Disorder which "means that he does not possess, and has never possessed normal interpersonal and social skills." Plaintiff is also suffering from depression. This same physician noted that the plaintiff is not mentally retarded, but "significantly limited intellectually." His problems involve "lifelong patterns of behavior." Because plaintiff, who timely filed a union grievance and whose documented disability is primarily behavioral, has not demonstrated that he could not understand the nature and effects of his actions, tolling for mental disability is unwarranted.

### B. The Grievance

■ Plaintiff argues that his pending union grievance tolled the statute of limitations. Mass.Gen.Laws ch. 151B, § 5 provides: "Any complaint filed [with the MCAD] pursuant to this section must be so filed within six months after the act of discrimination." A plaintiff cannot bring an unlawful discrimination action in the Superior Court under Mass.Gen.Laws ch. 151B, § 9, unless she has first filed a complaint of unlawful discrimination with the MCAD "within six months of the occurrence of the discriminatory event." *Carter v. Comm'r of Correction,* 43 Mass. App.Ct. 212, 217, 681 N.E.2d 1255, 1259 (1997). The purpose of this statutory filing requirement is two-fold: (1) to provide the MCAD "with an opportunity to investigate and conciliate the claim of discrimination"; and (2) to "provide[ ] notice to the defendant of a potential suit." *Id.*

The MCAD Rules of Procedure provide that a complaint may be filed "at any time within six months after the alleged unlawful conduct,"

> provided, however, that the six month requirement shall not be a bar to filing in those instances where facts are alleged which indicate that the unlawful

conduct complained of is of a continuing nature, or when pursuant to an employment contract, an aggrieved person enters into grievance proceedings concerning the alleged discriminatory act(s) within six months of the conduct complained of and subsequently files a complaint within six months of the outcome of such proceeding(s).

Mass.Regs.Code tit. 804, § 1.10(2) (2002).

■ Lucent launches a facial challenge to this regulation as being inconsistent with the plain language of the statute. While a similar argument prevailed at the federal level, *see Int'l Union of Elec. Radio & Mach. Workers v. Robbins & Myers, Inc.,* 429 U.S. 229, 240, 97 S.Ct. 441, 50 L.Ed.2d 427 (1976), the Supreme Judicial Court has "consistently granted deference to MCAD decisions and policies." *Cuddyer v. Stop & Shop Supermarket,* 434 Mass. 521, 534, 750 N.E.2d 928, 938 (2001) (upholding the continuing violation doctrine in the first proviso of § 1.10(2) because it was reasonable and conformed to the agency's directive). This Court similarly grants deference to the MCAD's reasonable, long-standing regulation tolling the six-month statute of limitations when there is a pending grievance pursuant to an employment contract concerning the discriminating act. A federal court should be loathe to branch out in new directions in resolving state law issues under its supplemental jurisdiction. *See Andrade v. Jamestown Hous. Auth.,* 82 F.3d 1179, 1186 (1st Cir.1996) (expressing reluctance to extend Rhode Island contract law "beyond its well-marked boundaries" under supplemental jurisdiction).

■ Alternatively, Lucent argues that plaintiff's action must be dismissed because the MCAD complaint did not comply with the structures of the tolling regulation. As pointed out earlier, the MCAD dismissed the action because plaintiff pre-

sented no evidence that the Union grievance was based on plaintiff's "membership in a protected class." *Cf. ZERESKI v. AM. POSTAL WORKERS UNION LOCAL 4553*, 2001 WL 1602782, \*19 (MCAD Oct. 23, 2001) (tolling six-month request where complainant filed a grievance regarding sexual harassment).

DeSando responds that the dismissal by the MCAD was wrong for three reasons. First, he claims that any grievance tolls the statute of limitations under this regulation even though he did not specifically charge membership in a protected class. Although there is no case law on point, plaintiff does find some support for his position in *Gilbert Tunnell v. Smith College*, 8 MDLR 1189 (1986), in which a single MCAD investigating commissioner held:

> [I]t is sufficient that the grievance concern the same underlying act which is the subject of the later administrative complaint for the grievance tolling provision to be valid. It is not necessary that the grievance concern the allegedly discriminatory nature of that act under the civil rights laws.

*Id.* at 1193.

The reasoning of *Tunnell* is not persuasive because the regulation requires that the aggrieved person enter into a "grievance proceeding concerning the alleged discriminatory act(s)." Mass.Regs.Code tit. 804, § 1.10(2) (2002). It does not provide, as it could have, that the grievance merely concern "the same underlying act which is the subject of the later administrative complaint." Accordingly, I conclude that the MCAD properly construed the tolling regulation in this case.

█ Second, plaintiff argues that the MCAD did not have jurisdiction to render its decision because his filing of the civil action in Superior Court stripped the MCAD of jurisdiction. Massachusetts law does provide that a plaintiff "may, at the expiration of ninety days after the filing of a complaint with the commission, . . . bring a civil action for damages or injunctive relief or both in the superior . . . court. . . . " Mass.Gen.Laws ch. 151B, § 9. However, the statute also provides:

> The petitioner shall notify the commission of the filing of the action, and any complaint before the commission shall *then* be dismissed without prejudice, and the petitioner shall be barred from subsequently bringing a complaint on the same matter before the commission.

*Id.* (emphasis added). While the petitioner in this case did timely exercise a statutory right to file in superior court, he did not give the MCAD notice of removal. Therefore, the MCAD had jurisdiction to dismiss the complaint.

█ Plaintiff argues that he did raise the issue of disability discrimination in the union grievance proceeding. Even if that is true, it does not salvage the case because the MCAD was never informed that discrimination was the subject of the grievance. Moreover, the grievance was closed more than six months before the filing of the MCAD complaint. It is true that the union made a request to reopen the proceeding based on new information. On February 5, 1999, the plaintiff received notice from the union that his grievance had been closed and would not be pursued. The union subsequently wrote a letter to the employer asking to "reopen the case to determine [eligibility for benefits]." The employer responded on July 27, 1999 that plaintiff was not eligible for benefits. While this 1999 exchange of correspondence could reasonably be construed as a petition to reopen the grievance which was then denied, the tolling regulation is not so elastic as to toll the statute of limitations pending a motion to reopen, particularly

when the petition apparently involved a request for disability benefits.[1]

Plaintiff argues that the employer's statement in the February 2000 letter to the MCAD that plaintiff "has taken advantage of [his] right and has a pending grievance" estops Lucent from denying that there was a pending grievance. This statement is reiterated in Lucent's memorandum dated October 11, 2001 (Docket No. 9). However, this admission is contradicted by the contemporaneous documentation in the record submitted in open court by the plaintiff on January 9, 2002. Therefore, the plaintiff is time barred even if he in fact raised disability discrimination in the union grievance.

### ORDER

For the foregoing reasons, the defendant's motion to dismiss (Docket No. 2) is **ALLOWED** without prejudice with respect to any federal claims.

1. The record is unclear as to whether plaintiff has fully and timely exhausted his federal disability claims with the EEOC. *See* 42 U.S.C. § 2000e–5(e)(1). Plaintiff stated he filed a claim with the EEOC but its status is unclear.