**Susan PERCH, Plaintiff,**

v.

**CITY OF QUINCY, Defendant.**

**No. CIV.A. 01–10492–PBS.**

United States District Court, D. Massachusetts.

April 30, 2002.

David P. Grunebaum, Holtz Gilman Grunebaum, Boston, MA, Paul J. Hines Office of the Solicitor, Quincy, MA, Joseph A. Sarno, Jr., Holtz, Gilman & Grunebaum, Boston, MA, for Defendant.

### *MEMORANDUM AND ORDER*

SARIS, District Judge.

### I. INTRODUCTION

Plaintiff, Susan Perch, who suffers from Chronic Fatigue Syndrome and cervical cancer, brings this action against her employer, the City of Quincy ("Quincy"), alleging discrimination based on gender and disability in violation of Mass. Gen. Laws ch. 151B and the federal Equal Protection Clause. Specifically, Perch contends that Quincy engaged in discriminatory conduct when it refused to extend her sick leave during her treatment for cancer although it gave extra sick leave to similarly situated male officers. Quincy moves to dismiss this claim on the ground that Perch did not raise this cancer-related claim in her administrative charge filed with the Massachusetts Commission Against Discrimination ("MCAD"), which related only to Chronic Fatigue Syndrome ("CFS"). After hearing, the defendant's motion is *DE-NIED.*

### II. FACTS

The following facts are taken from the Complaint and the content of Perch's administrative charge.[1]

Wendy A. Kaplan, Law Office of Wendy A. Kaplan, Boston, MA, for Plaintiff.

**1.** *See Beddall v. State Street Bank and Trust Co.,* 137 F.3d 12, 17 (1st Cir.1998) (holding that "when ... a complaint's factual allegations are expressly linked—and admittedly dependent upon—a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b) (6)"); *Edwin v. Blenwood Assocs.,* 9 F.Supp.2d 70, 72 (D.Mass.1998) (holding that when the MCAD charge is referenced in plaintiff's Complaint and its content determines the parameters of her complaint "this Court may consider the MCAD complaint in making its decision on this [12(b)(6)] motion without converting the

Perch has been a police officer in Quincy since 1984. She was promoted to the rank of Sergeant in 1998. In June 1987, Perch was diagnosed with Chronic Fatigue Syndrome ("CFS"), a sleeping disorder that causes her to become easily tired and prone to infections. When Perch was assigned to work the first and last shifts, she asked for a transfer to a "straight day shift" because CFS made it difficult for her to work these irregular hours. Her request for an accommodation was refused.

Perch alleges that her irregular schedule exacerbated her disorder, forcing her to use up all her sick days and to request additional sick time, which the Police Department also refused. On June 2, 1998, Perch filed a charge with the MCAD for gender and disability discrimination. She alleged in her charge that Quincy refused to provide additional sick time and grant shift changes to accommodate her CFS-related difficulties, though it extended sick time and granted shift changes for male officers with serious medical problems.

In October 1999, Perch was diagnosed with cervical cancer and scheduled to undergo surgery. Perch requested additional sick time under a "cancer clause" in the Police Department's Collective Bargaining Agreement, which grants an extra six months of sick time to officers who are diagnosed with cancer. This request was denied. Several officers volunteered to donate sick time to her. When this largesse was denied, she had to take leave without pay while she recovered from surgery from October 5, 1999 through mid-January 2000. Finally, the Department changed course and allowed fellow officers to donate sick time. Perch alleges that she told her MCAD caseworker about the Department's conduct regarding her can-

cer, but she did not amend her charge in writing.

On February 5, 2001 the MCAD notified the Department that it had found probable cause regarding Perch's CFS-related charge of discrimination, and sent a "fact sheet" summarizing its investigation. This fact sheet did not make reference to Perch's cancer-related claims. In March 2001, the MCAD held an unsuccessful Conciliation with Perch and the Police Department, and then issued a Right to Sue letter. On March 22, 2001, Perch filed suit against the City of Quincy for sex and disability discrimination under Mass. Gen. Laws ch. 151B, and for sex discrimination under the Equal Protection clause, on the basis of both CFS-related and cancer-related conduct. On November 30, 2001, the City of Quincy moved to dismiss Perch's cancer-related discrimination claims.

## III. STANDARD OF REVIEW

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the court is to accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see also Roy v. City of Augusta, Maine,* 712 F.2d 1517, 1522 (1st Cir.1983).

## IV. ANALYSIS

■■■ A plaintiff cannot bring an unlawful discrimination action in federal court under Mass. Gen. L. ch. 151B unless she has first filed a complaint of unlawful discrimination with the MCAD with-

matter into a summary judgment proceed-

ing").

in six months of the discriminatory action. *See* Mass. Gen. Laws ch. 151B, §§ 5–9; *Desando v. Lucent Technologies,* 193 F.Supp.2d 358 (D.Mass.2002). The purpose of this statutory filing requirement is two-fold: to provide the employer with prompt notice of the claim and to create an opportunity for the agency to conciliate the claim. *See Fant v. New England Power Serv. Co.,* 239 F.3d 8, 11 (1st Cir.2001). However, a plaintiff's civil complaint need not be an exact replica of her administrative charge to meet the Chapter 151B filing requirement. *See Powers v. Grinnell Corp.,* 915 F.2d 34, 38 (1st Cir.1990) ("An administrative charge is not a blueprint for the litigation to follow."); *Lattimore v. Polaroid Corp.,* 99 F.3d 456, 464 (1st Cir. 1996) (holding that "an employee is not required to comprehensively set forth with literary exactitude all of the facts and theories upon which his or her claim is based"). Instead, a claim that was not raised in an administrative charge will survive if it "is reasonably within the scope of an agency investigation of [the] administrative charge." *Lattimore,* 99 F.3d at 464. This scope-of-the-investigation rule "reflects the idea that the scope of a civil action is not determined by the specific language of the charge filed with the agency, but rather, may encompass acts of discrimination which the MCAD investigation could reasonably be expected to uncover." *Davis v. Lucent Technologies,* 251 F.3d 227, 233 (1st Cir.2001).

Application of the scope-of-the-investigation rule requires a fact-specific inquiry into the similarities between the administrative charge and the civil complaint. *See Powers,* 915 F.2d at 38 ("claims are cognizable if they are like or reasonably related to the allegations of the charge and grow out of such allegations" (internal quotation omitted)). Additional claims may proceed when they 1) allege the same type of discrimination and 2) are based on the same

type of conduct as the administrative charge. *See, e.g., Powers,* 915 F.2d at 38 (holding that plaintiff could bring "generalized" civil claims even though administrative charge included only "particularized" claims, since both complaints alleged age discrimination based on similar conduct); *Edwin v. Blenwood Associates,* 9 F.Supp.2d 70, 74–75 (D.Mass.1998) (holding that plaintiff who filed administrative charge for racial harassment and discrimination could add claim for retaliation, because some of the same facts supported both types of claims).

On the other hand, the rule precludes a claimant from filing claims in court which allege different types of discrimination, or are based on materially different facts, from the administrative charge. *See, e.g., Lattimore,* 99 F.3d at 465 (holding that a plaintiff could not add civil claim "based upon different facts that are separate and distinct both qualitatively and temporally . . . [and] relate to the conduct of different individuals" from facts in administrative charge); *Silva v. Hit or Miss,* 73 F.Supp.2d 39, 41 (D.Mass.1999) (holding that plaintiff could not sue for racial discrimination "[b]ecause her race is nowhere mentioned in the MCAD complaint [for disability discrimination]"); *Tunnicliff v. Motel 6,* 178 F.R.D. 8, 9 (D.Mass.1998) (holding that plaintiff, whose administrative charge "alleged only that he was falsely accused of being rude to customers and was replaced by a younger worker," could not sue for discrimination based on religion and disability).

■ Quincy argues that Perch did not meet the Chapter 151B filing requirement because her administrative charge asserts gender and disability discrimination based only on CFS, and she failed to present her cancer-related claims to the MCAD. Perch responds that, although the cancer-related

claims are not part of the written grievance, they were actually presented to the MCAD because (1) she verbally informed her caseworker of them; (2) she raised them in a settlement proposal and at the Conciliation; and (3) the MCAD sent the defendant an Interrogatory about them. Defendant strenuously denies that it was notified of the expanded claims even if the MCAD was presented with the new allegations, and points out that amendments to an MCAD charge must be made in writing. *See* 804 C.M.R. ¶¶ 1.05(1) & 1.10(6)(b).

This point/counterpoint is beside the point. Under the caselaw, whether the MCAD actually knew about the cancer-related claims is not determinative, as long as the claims come within the reasonable scope of the investigation of Perch's CFS-related charge. It is not the scope of the actual investigation that determines what complaint may be filed, but what agency investigation could reasonably be expected to grow out of the original complaint. *See Powers*, 915 F.2d at 39 n. 4. Perch's cancer-related civil claims allege the same types of discrimination (gender and disability), and are based on the same type of conduct (refusal to change shift and grant additional sick time) as her CFS-related administrative charge. While the defendant's acts regarding Perch's CFS-related disability and her cancer-related disability are different, the difference is only temporal, not qualitative. The MCAD had ample opportunity to investigate both charges, whether or not it actually did so. Accordingly, I conclude that the cancer-related claims survive under the scope-of-the-investigation rule.

## V.  ORDER

For the foregoing reasons, the defendant's motion to dismiss is ***DENIED***.